

SEALED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **CRIMINAL NO.** 0 6 - 1 8 6 |
| | : |
| | : **GRAND JURY ORIGINAL** |
| **v.** | : |
| | : **FILED UNDER SEAL** |
| | : |
| **STEPHANIE EMERSON OLDS** | : |
| **Defendant** | : |

**FILED**

JUN 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MOTION TO SEAL INDICTMENT AND BENCH WARRANT**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to seal the Indictment in the above-captioned matter, this Motion to Seal, and the Court's Order regarding the Motion to Seal. In support of its motion, the Government states as follows:

The indictment in this case charges Stephanie Emerson Olds with Making False Statements, in violation of 18 U.S.C. §§ 287, 2 and First Degree Fraud, in violation of 22 D.C. Code §§ 3221(a), 3222(a)(1). The government is seeking a bench warrant. If the indictment and bench warrant are not sealed, there is a risk that the defendant will learn of the indictment. Premature disclosure of the existence of the indictment could cause the defendant to flee or otherwise attempt to avoid arrest. Premature disclosure may result in increased danger to those assigned to affect the arrest.

Under these circumstances, it is reasonable to seal the indictment and bench warrant in this case. After the defendant is arrested, the government will move to unseal the indictment and bench warrant. This procedure represents a reasonable balance between the qualified right of access to judicial records and the government's compelling interest in preserving the integrity of a federal criminal investigation and the safety of its investigators. *See In the Matter of Eyecare*

Physicians of America, 100 F.3d 514, 517 (7th Cir. 1996); In the Matter of the Application and Affidavit for a Search Warrant, The Washington Post Co. v. Hughes, 923 F.2d 324, 326-327 (4th Cir. 1991).  See also Washington Post v. Robinson, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991) (acknowledging that the government's demonstration of a compelling interest in confidentiality may justify postponing the entry on the public document of any pleading regarding a plea agreement, to which there is a First Amendment right of access).

WHEREFORE, the government respectfully requests that the Court enter an Order sealing the Indictment in the above-captioned matter,  this Motion to Seal, and the Court's Order to seal until further Order of the Court.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:    Howard R. Sklamberg

Howard R. Sklamberg
Assistant United States Attorney
D.C. Bar Number 453852
555 Fourth Street, N.W.
Fraud & Public Corruption Section
Washington, D.C. 20001