UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

v.                                :          CR 06-186 (GK)

STEPHANIE EMERSON OLDS            :

MOTION TO SEVER COUNTS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Ms. Stephanie Emerson Olds, the defendant, through undersigned counsel, respectfully

moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 8(a) and 14, to

grant her relief from the misjoinder and prejudicial joinder of counts and to sever the trial of

counts one and two of the superseding indictment from the trial of counts three through six.  In

support of this motion, counsel submits the following.

Factual and Procedural Background

On June 23, 2006, a grand jury returned an indictment charging Ms. Olds with three

counts of making false claims, in violation of 18 U.S.C. § 287, 2, and one count of fraud in the

first degree in violation of 22 D.C. Code §§ 3221(a), 3222(a)(1).  The charges arose out of

allegations that for the tax years 2001, 2002, and 2003, Ms. Olds made false claims for income

tax refunds from the United States Internal Revenue Service and, for the tax years 2001 and

2002, made false claims for income tax refunds from the District of Columbia.  Specifically, the

indictment alleged that Ms. Olds submitted forged W-2 forms that represented that she worked

for a urologist, and that money was withheld from her salary for federal and District of Columbia

income tax payments.  The indictment charged that she did not work for the urologist, that no

money was withheld for federal or District of Columbia income taxes, and, therefore, that her claims for refunds were false.

On November 13, 2006, the government filed Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts ("Government's 404(b) Motion). The government sought leave to introduce at trial (1) evidence regarding allegations that Ms. Olds filed false 1998, 1999, and 2000 tax returns; and (2) evidence regarding allegations that while working as a budget analyst at the District of Columbia Child and Family Services Agency ("CFSA"), Ms. Olds fraudulently obtained six checks from businesses that owed money to CFSA and deposited the checks into her personal bank account.[1] With regard to the second category of other crimes, the government argued that this evidence was admissible under Rule 404(b) because it demonstrated that Ms. Olds's 2003 claim for a refund was false and that she knew it was false. Government's 404(b) Motion at 9. Specifically, the government alleged that during the year 2003, Ms. Olds fraudulently obtained $30,859.87 that was owed to CFSA and that her failure to report this "income" on her 2003 tax return demonstrated her knowledge that her claim for a refund for that tax year was fraudulent because this "income" would have reduced any refund owed.[2] Id. at 9-12. The government also claimed that the alleged theft from CFSA was

---

[1] In the same motion, the government, pursuant to Federal Rule of Evidence 608, seeks leave to use two other unrelated incidents to cross-examine Ms. Olds, if she testifies at trial. Defendant addresses that issue and the allegations of 1998, 1999, and 2000 false returns in Defendant's Opposition to Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts.

[2] In an Addendum filed on November 17, 2006, the government noted that one of the six checks (in the amount of $5,250.00) was not honored by Ms. Olds's bank and, therefore, she did not actually receive those funds – reducing the amount of "income" from the alleged fraud to $25,609.87. See Government's Addendum to Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts.

similar to the false tax refund claim allegations and that the theft from CFSA established a pattern of conduct that would help the government prove criminal intent. Id. at 12. The government did not claim that the alleged theft from CFSA was part of the tax refund false claims.

On December 14, 2006, a grand jury returned a superseding indictment charging the same offenses that were charged in counts one through four of the original indictment – the counts relating to the false tax refund claims for tax years 2001, 2002, and 2003 – in counts three through five of the superseding indictment. Counts one and two of the superseding indictment arise out of the conduct outlined in the Government's 404(b) Motion relating to the alleged theft from CFSA. These counts (one and two) charge fraud in the first degree, in violation of 22 D.C. Code §§ 3221(a), 3222(a)(1), and theft from a program receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A).

<u>Argument</u>

I.    SEVERANCE IS NECESSARY BECAUSE COUNTS ONE AND TWO OF THE INDICTMENT ARE IMPROPERLY JOINED WITH COUNTS THREE THROUGH SIX.

Federal Rule of Criminal Procedure 8(a) provides that two or more offenses may be charged in the same indictment in a separate count for each offense if the offenses charged "are of the same of similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The burden is on the government to produce or proffer facts to justify joinder. United States v. Perry, 731 F.2d 985, 990 (D.C. Cir. 1984). If the government cannot meet this burden, the court must sever the offenses and has no

discretion to do otherwise.  1 Wright, Federal Practice and Procedure sec. 145 (1982) (if there has been misjoinder, the trial court has no discretion to deny misjoinder motion).

Here, counts one and two of the superseding indictment are improperly joined with counts three through six because the offenses are not of the same or similar character, are not based on the same act or transaction, and are not part of a common scheme or plan.  Counts one and two arise out of an allegation that Ms. Olds obtained six checks from businesses that owed money to her then-employer, CFSA.  Counts three through six arise out the allegations that Ms. Olds made false claims for income tax refunds for moneys that were not withheld from her salary, based on allegedly fraudulent W-2 forms showing employment with a Urologist.

These offenses were not the same or similar.  In the Government's 404(b) Motion, the government claimed that "the theft scheme and the tax scheme are strikingly similar." Government's 404(b) Motion at 12.  The government claim of similarity was based on the allegations that both offenses involved claims for money, used forged documents containing names of (in the case of the theft) a non-existent person or (in the case of the tax offenses) a deceased person, and occurred at the same time.  Id.  These facts, even if true, are not sufficient similarities to authorize joinder under Rule 8(a).  See, e.g., United States v. Diaz-Munoz, 632 F.2d 1330, 1336 (5th Cir. 1980) (tax counts improperly joined with mail fraud and embezzlement charges); United States v. Creamer, 370 F.Supp.2d 715, 729-733 (N.D. Ill. 2005) (bank fraud counts improperly joined with tax violations).

Nor was the alleged theft from CFSA part of the alleged tax refund false claims.  This is demonstrated by the government's own allegations.  In the Government's 404(b) Motion, in seeking to introduce at trial the allegations of the uncharged false tax refund claims for tax years

1998, 1999, and 2000, the government asserted:

> The defendant's false-refund scheme was identical throughout this
> six-year period:  she filed forged W-2 forms indicating that she
> worked for a urologist and that large sums of money were withheld
> for federal and District of Columbia taxes.  In fact, she had ceased
> working for the urologist prior to 1998.  As a result, the defendant
> received large tax refunds to which she was not entitled.

As the government argued, the tax refund false claims alleged in counts three through six of the

superseding indictment are based on the allegations that Ms. Olds claimed that monies were

withheld for income tax when they were not and then sought the refund of money not withheld

based on false W-2 forms.   As the government has acknowledged, this alleged conduct was a

separate "scheme" from the alleged CFSA theft.  See Government's 404(b) Motion at 12 ("Also,

the defendant engaged in *the two schemes* contemporaneously.").

    In re-charging the tax refund false claims, the superseding indictment does allege:

> 19.  Also, for the tax year of 2003, OLDS concealed from the Tax
> Preparer the fact that OLDS had received over $24,000 from the
> embezzlement scheme outlined in Paragraphs 1-6 of this
> Indictment [the alleged CFSA theft].
>
> * * *
>
> 21.  OLDS well knew that the federal refund that she could claim
> for the tax year of 2003 would have been reduced if she had
> declared, on her Form 1040, the over $24,000 that she had stolen
> from the CFSA.

These statements, however, are gratuitous and merely an attempt to establish a false connection

between the offenses.  These statements were not in the original indictment.  The government did

not allege in the Government's 404(b) Motion that the alleged CFSA theft was part of the

charged tax refund false claims, and the failure to report money allegedly obtained through theft

from CFSA is not part of the conducted that constitutes the charged income tax related offenses.

Because the CFSA offenses and the tax offenses are not the same or similar or part of the same

act, transaction or common scheme or plan, the offenses are improperly joined and must be

severed.

II.    THE COURT SHOULD SEVER THE CFSA THEFT RELATED OFFENSES FROM
       THE TAX REFUND OFFENSES BECAUSE A JOINT TRIAL OF THESE OFFENSE
       WOULD PREJUDICE MS. OLDS.

Federal Rule of Criminal Procedure 14 provides:  "If the joinder of offenses . . . in an

indictment . . . appears to prejudice a defendant or the government, the court may order separate

trials of counts . . . ."  The danger of joinder is that criminal disposition and guilt may be inferred

by the number of charges.

> It is a principle of long standing in our law that evidence of one
> crime is inadmissible to prove disposition to commit crime, from
> which the jury may infer that the defendant committed the crime
> charged.  Since the likelihood that juries will make such proper
> inference is high, courts presume prejudice and exclude evidence
> of other crimes unless the evidence can be admitted for some
> substantial, legitimate purpose.  The same dangers appear to exist
> when two crimes are joined for trial, and the same principles of
> prophylaxis are applicable.

Drew v. United States, 331 F.2d 85, 89 (D.C. Cir. 1964); see United States v. Shelton, 628 F.2d

54 (D.C. Cir. 1980).  Joinder of offenses may prejudice a defendant in a variety of ways.  For

instance, "(1) [a defendant] may become embarrassed or confounded in presenting separate

defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal

disposition on the part of the defendant from which is found his guilt of the other crime or crimes

charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt

when, if considered separately, it would not so find." <u>Johnson</u>, 820 F.2d at 1070 (quoting <u>Drew</u> 331 F.2d 85, 88).

The type of prejudice described in <u>Drew</u> is particularly problematic in Ms. Olds. There is the very real danger that the jury will cumulate the evidence of two alleged schemes and will "find guilt when, if considered separately, it would not so find." <u>Id</u>. There is a strong likelihood that the jury would infer a fraudulent disposition on the part of Ms. Olds solely because there are two alleged schemes. The danger of such an inference would prevent Ms. Olds from obtaining a fair trial on the charged offenses.

<u>Conclusion</u>

For the foregoing reasons and such other reasons as may be presented at the hearing on this motion scheduled for February 6, 2007, Ms. Olds respectfully moves this Honorable Court to sever the trial of the offenses charged in counts one and two of the superseding indictment from the trial of the offenses charged in counts three through six.

Respectfully submitted,

/s/

_____

Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500