UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR 06-186 (GK) |
| STEPHANIE EMERSON OLDS | : | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO INTRODUCE EVIDENCE OF THE DEFENDANT'S OTHER CRIMES AND BAD ACTS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Ms. Stephanie Emerson Olds, the defendant, through undersigned counsel, respectfully submits the following in opposition to the Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts.

Factual and Procedural Background

On June 23, 2006, a grand jury returned an indictment charging Ms. Olds with three counts of making false claims, in violation of 18 U.S.C. § 287, 2, and one count of fraud in the first degree in violation of 22 D.C. Code §§ 3221(a), 3222(a)(1). The charges arose out of allegations that for the tax years 2001, 2002, and 2003, Ms. Olds made false claims for income tax refunds from the United States Internal Revenue Service and, for the tax years 2001 and 2002, made false claims for income tax refunds from the District of Columbia. Specifically, the indictment alleged that Ms. Olds submitted forged W-2 forms that represented that she worked for a urologist, and that money was withheld from her salary for federal and District of Columbia income tax payments. The indictment charged that she did not work for the urologist, that no money was withheld for federal or District of Columbia income taxes, and, therefore, that her claims for refunds were false.

On November 13, 2006, the government filed Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts ("Government's 404(b) Motion). The government seeks leave to introduce at trial (1) evidence regarding allegations that Ms. Olds filed false 1998, 1999, and 2000 tax returns; (2) evidence regarding allegations that while working as a budget analyst at the District of Columbia Child and Family Services Agency ("CFSA"), Ms. Olds fraudulently obtained six checks from businesses that owed money to CFSA and deposited the checks into her personal bank account; and (3) evidence of two other unrelated alleged thefts. As to the third category, the government seeks to admit this evidence only for purposes of cross-examination, if Ms. Olds chooses to testify at trial.

On December 14, 2006, a grand jury returned a superseding indictment charging the same offenses that were charged in counts one through four of the original indictment – counts relating to the false tax refund claims for tax years 2001, 2002, and 2003 – in counts three through five of the superseding indictment. Counts one and two of the superseding indictment arise out of the conduct outlined in the Government's 404(b) Motion, relating to the alleged theft from CFSA. These counts (one and two) charge fraud in the first degree, in violation of 22 D.C. Code §§ 3221(a), 3222(a)(1), and theft from a program receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A).

Argument

For evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a

material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime. See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987). The evidence at issue here is not admissible pursuant to Rule 404(b), because it is both unreliable and irrelevant to any material issue other than propensity.

I.  THE COURT SHOULD EXCLUDE THE USE AS EVIDENCE OF THE ALLEGATIONS THAT MS. OLDS FILED FALSE 1998, 1999, AND 2000 TAX RETURNS.

The first category of other crimes evidence the government seeks to introduce is evidence of false tax returns for the years 1998, 1999, and 2000. This alleged conduct could not have been charged in the indictment because the statute of limitations barred the prosecution of these alleged offenses at the time the indictment was returned. See 18 U.S.C. § 3282 (statute of limitations for non-capital offense five years). The government now seeks to circumvent the statute of limitations by introducing evidence of these alleged offenses at the trial of the charged offenses.

This evidence is inadmissible because it is not relevant to any material issue. Where Ms. Olds's is charged with filing false returns for three tax years, evidence of false returns in additional tax years would not serve to prove knowledge or intent, but would only serve to place Ms. Olds's character in issue by suggesting that because there are allegations of prior similar conduct she is more likely to have committed the charged conduct. This is the very purpose for which such evidence cannot be admitted. See, e.g., Huddleston v. United States, 485 U.S. 681

(l988) (holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. l989); United States v. Hernandez, 780 F.2d ll3 (D.C. Cir. l986); United States v. Foskey, 636 F.2d 517 (D.C. Cir. l980); United States v. Shelton, 628 F.2d 54 (D.C. Cir. l980).

The cases cited by the government in support of its request are distinguishable. See United States v. Daraio, 445 F.3d 253, 264 (3d Cir. 2006); United States v. Ebner, 782 F.2d 1120, 1126 n.7 (2d Cir. 1986); United States v. Ausmus, 774 F.2d 722, 727-28 (6th Cir. 1985); United States v. Farber, 630 F.2d 569, 572 (8th Cir. 1980); United States v. Magnus, 365 F.2d 1007, 1011 (2d Cir. 1966). In each of these cases, willfulness was a key issue. These cases all involved tax evasion and the failure to file tax returns, not the filing of false claims, and central to the government's case was the defendants' intent to evade taxes. Here, the W-2s at issue were either fraudulent or they were not. Ms. Olds either sought money that she was not owed, or she did not. Unlike in the cases cited by the government, here the government does not need to demonstrate that a failure to pay was willful.

The facts in Chmielewski, 218 F.3d 840, 843 (8th Cir. 2000), also cited by the government, are distinguishable as well. There, the court upheld the admission of prior preparation of false returns by the defendant to demonstrate his involvement in his tax preparation and his awareness of the income reported in prior returns to demonstrated knowledge regarding the charged offenses, which involved the under-reporting of income. Here, the prior alleged conduct does not demonstrate intent to file a false claim in any way that the charged conduct itself does not establish, except through the volume of allegations. Thus, the only purpose of adding allegations of uncharged – statutorily barred – offenses would be to pile on the

4

number of allegations and demonstrate propensity. Such evidence should be prohibited under Rule 404(b). Even if admissible for some permissible purpose, this evidence should be excluded under Rule 403, as more prejudicial than probative.

II.  IN MS. OLDS'S TRIAL FOR THE TAX RELATED OFFENSES, THE COURT SHOULD EXCLUDE THE USE AS EVIDENCE OF THE ALLEGATIONS THAT SHE STOLE MONEY OWED TO CFSA.

The second category of other crimes evidence that the government moved to introduce in Government's 404(b) Motion – the alleged theft of money owed to CFSA – is now the subject of offenses charged in the superseding indictment. If the Court denies Ms. Olds's Motion to Sever Counts, the Government's 404(b) Motion is moot because this evidence would be part of the charged offenses. However, if the Court grants the severance motion, the Court should also exclude the use of this evidence at the trial of the tax related offenses for the same reasons set forth in Ms. Olds's Motion to Sever Counts and Memorandum of Points and Authorities in Support Thereof. The evidence does not demonstrate knowledge of the alleged tax refund false claims, nor is it sufficiently similar to establish a modus operandi.

III. THE COURT SHOULD NOT PERMIT THE USE OF UNCHARGED AND UNRELATED THEFTS DURING CROSS-EXAMINATION OF MS. OLDS.

The final category of evidence of uncharged crimes that the government seeks to introduce at trial consists of evidence of two alleged thefts from employers. The first occurred in 2000, and involves the theft of approximately $12,000 from Dr. Michael Paul. The second allegedly occurred in 1997, and involves the allegation that Ms. Olds was fired by the urologist (whose name appeared on the W-2 forms at issue with regard to the tax refund false claims

charges) because she allegedly stole money from his practice. The government does not seek to introduce evidence of these alleged thefts, but instead seeks leave to cross-examine Ms. Olds about these allegations should she testify at trial.

In support of this request, the government cites Federal Rule of Evidence 608(b). This rule provides:

> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking of supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

None of the cases cited by the government in support of its request to cross-examine Ms. Olds involved the cross-examination of a criminal defendant. See United States v. Whitmore, 359 F.3d 609, 620 (D.C. Cir. 2004); Ad-Vantage Telephone Directory Consultants, Inc. V. GTE Directories Corp., 37 F.3d 1460, 1464 (11th Cir. 1994); United States v. Manske, 186 F.3d 770, 775 (7th Cir. 1999). Courts have cautioned against the use of Rule 608 evidence against an accused. See United States v. Augello, 452 F.2d 1135 (2d Cir. 1971) ("The conditions under which evidence of poor reputation for truth and veracity may be offered by the Government to impeach the credibility of a defendant who has taken the stand in his own defense do not appear to have been considered in this Circuit. Accordingly we take this occasion to state that such evidence should be viewed by the trial judge with caution and that except in the rare case where the testimony appears to be well supported, it should be rejected.").

Moreover, Rule 608 specifically provides: "The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness." Fed. R. Evid. 608(b). Because the allegations the government seeks to use for cross-examination involve allegations of criminal conduct, Ms. Olds has a Fifth Amendment privilege and cannot be compelled to answer questions regarding those matters. As Rule 608 states, Ms. Olds would not waive this privilege by testifying in her own defense. See also Rule 608, Advisory Committee Notes, Note to Subdivision (b) ("While it is true that an accused, unlike an ordinary witness, has an option whether to testify, if the option can be exercised only at the price of opening up inquiry as to any and all criminal acts committed during his lifetime, the right to testify could scarcely be said to possess much vitality."). For this reason alone, the proposed cross-examination must be barred.

Conclusion

For the foregoing reasons and such other reasons as may be presented at the hearing on the government's motion scheduled for February 6, 2007, Ms. Olds respectfully submits that the Court should deny the Government's 404(b) Motion.

Respectfully submitted,

/s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500