UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 06-186 (GK) |
| | : | |
| STEPHANIE EMERSON OLDS | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SEVER AND TO DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE OF THE DEFENDANT'S OTHER CRIMES AND BAD ACTS**

The government hereby files this Response to Defendant's Motion to Sever and to Defendant's Opposition to the Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts. In support of this pleading, the government respectfully submits:

On January 5, 2007, the defendant filed an Opposition to Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts and also a Motion to Sever Counts. The government will address in this one pleading all of the issues that the defendant raised.

<u>The introduction, as 404(b) evidence, of the defendant's filing false tax returns in 1998-2000</u>

Both the original and the superseding indictment charge the defendant with engaging in a scheme to claim fraudulent refunds by filing false 2001-2003 federal income tax returns and false 2001 and 2002 District of Columbia income tax returns. The government wishes to introduce, as 404(b) evidence, the fact that the defendant also fraudulently received refunds by filing false federal and D.C. returns in the tax years of 1998-2000. As explained more fully in the government's November 13 pleading, the "defendant's false-refund scheme was identical throughout this six-year period: she filed forged W-2 forms indicating that she worked for a urologist and that large sums of money were withheld for federal and District of Columbia taxes.

In fact, she ceased working for the urologist prior to 1998. As a result, the defendant received large tax refunds to which she was not entitled." Govt's November 13 pleading, at 5.

As the government explained in its earlier pleading, the defendant's conduct regarding her 1998-2000 tax returns is admissible under Rule 404(b) because it is probative of the defendant's knowledge and intent. Generally, the more similar other-crimes evidence is to the charged conduct, the more likely it is to be admissible to prove knowledge and intent. As the D.C. Circuit has explained:

> Evidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent... What matters is that the evidence be relevant "to show a pattern of operation that would suggest intent" and that tends to undermine the defendant's innocent explanation. Thus, this court has opined, "the admissible bad acts evidence need not show incidents identical to the events charged, so long as they are closely related to the offense."

United States v. Long, 328 F.3d 655, 661 (D.C. Cir. 2003) (citations omitted). For this reason, as the government showed in its earlier pleading, court after court has approved the admission of evidence of a defendant taxpayer's conduct in one tax year as relevant to explaining his conduct, motive, and intent in the subsequent years.

The defendant argues that the cases cited in the government's November 13 pleading state that earlier tax returns were admissible to prove willfulness in Title 26 tax prosecutions. Since the defendant in this case is charged with filing a false claim (18 U.S.C. § 287), rather than a Title 26 tax violation, the government does not have to prove willfulness. Thus, the argument goes, all of those cases are irrelevant and earlier tax returns are inadmissible.

The defendant's argument skips over the fact that 18 U.S.C. § 287 is not a strict-liability offense. The government must prove that the defendant knew that her claim for a refund was false. See 18 U.S.C. § 287. So, just as prior tax returns are admissible under 404(b) to prove

willfulness in a Title 26 case, they would be admissible to prove the defendant's *mens rea* (that she acted knowingly) in an 18 U.S.C. § 287 case. There is certainly no exception to Rule 404(b) for 18 U.S.C. § 287 prosecutions. Cf. United States v. Jackson, 845 F.2d 880, 884 (9th Cir. 1988) (in an 18 U.S.C. § 287 prosecution for filing false claims with the Veterans Administration to obtain nine benefits checks, previous uncharged false claims to obtain these checks were admissible as 404(b) evidence because they were "probative on issues of intent, knowledge, good faith and absence of mistake...").

The defendant's fraudulent 1998-2000 tax returns are also admissible to prove knowledge, intent, and absence of mistake regarding her 2001 and 2002 District of Columbia tax returns. Count Six of the Indictment charges the defendant with First Degree Fraud for demanding false refunds by filing fraudulent 2001 and 2002 D.C. tax returns. To prevail on this count, the government must prove that the defendant engaged in a scheme and systematic course of conduct and had the intent to defraud. See Redbook Instruction 4.41. The defendant's conduct regarding her earlier tax returns is highly probative of whether she had an intent to defraud.

To put it succinctly, "if, for the tax years of 1998-2000, the defendant filed returns falsely stating that a urologist had withheld large sums of money for federal and D.C. taxes, then it is more likely that the identical false statements on her 2001-2003 returns were knowing, rather than accidental." Govt's November 13 pleading, at 8.

### The defendant's motion to sever counts 1-2 from counts 3-6

On December 14, 2006, a grand jury returned a superseding indictment charging the defendant with committing the offenses of federal-program theft (18 U.S.C. § 666) and first-

degree fraud by stealing over $24,000 from the District of Columbia's Child and Family Services Agency in 2003. The indictment also charged the defendant with the above-described tax-related offenses. The theft and tax offenses are of the same or similar character and are integrally connected, and are, in fact, part of a single scheme.

The defendant argues that counts 1-2 should be severed from counts 3-6 because they are misjoined under Rule 8(a) and should be severed under Rule 14. Her argument has no merit.

Under Rule 8(a) of the Federal Rules of Criminal Procedure, the government may join multiple offenses in a single indictment when the offenses are "of the same or similar character or are based on the same act or transaction or [are based on] on two or more acts or transactions connected together or constituting parts of a common scheme or plan." The court may order severance of properly joined offenses where "[i]t appears that a defendant or the government is prejudiced by a joinder of offenses . . ." Fed. R. Crim. P. 14.

Joinder is "the rule rather than the exception" given the court's "dominant concern with judicial [and prosecutorial] economy." United States v. Treadwell, 566 F. Supp. 80, 86 (D.D.C. 1983) (brackets in original) (citation and quotation marks omitted). Thus, Rule 8(a) has been construed liberally in favor of joinder because "this court strikes 'a balance in favor of joint trials.'" United States v. Clarke, 24 F.3d 257, 262 (D.C. Cir. 1994) (citation omitted). See also United States v. Neill, 964 F. Supp. 438, 453 (D.D.C. 1997) ("There is, of course, a preference for joint trials."); Zafiro v. United States, 506 U.S. 534, 539 (1993) ("There is a strong preference for joint trials in the federal system where that can be accomplished without substantial prejudice to a specific trial right of the defendant."). See also United States v. Long, 905 F.2d 1572 (D.C. Cir. 1990); United States v. Manner, 887 F.2d 317, 324 (D.C. Cir. 1989).

In determining whether two or more acts or transactions are "connected" under Rule 8(a), the court should look to whether there is a "logical relationship" between them and/or whether there exists "a substantial overlap of issues and evidence." United States v. Perry, 731 F.2d 985, 990 (D.C. Cir. 1984); United States v. Treadwell, 566 F. Supp. 80, 85 (D.D.C. 1983). As to whether counts are of the "same or similar character," courts have defined that provision to mean "resembling in many respects, somewhat alike, or having a general likeness." Id. See also United States v. Jackson, 562 F.2d 789, 796 (D.C. Cir. 1977) (Rule 8(a) permits joinder of same or similar counts "even if they are entirely unrelated to one another"). Cf. United States v. Richardson, 161 F.3d 728, 733 (D.C. Cir. 1998) ("Rule 8 has generally been construed liberally in favor of joinder," but Rule 8 "cannot be stretched to cover offenses, like those here, which are discrete and dissimilar and which do not constitute parts of a common scheme or plan.")

The theft and tax counts are, as Rule 8(a) provides "based on the same act or transaction or [are based on] on two or more acts or transactions connected together or constituting parts of a common scheme or plan." The superseding indictment plainly states:

> 19. Also, for the tax year of 2003, OLDS concealed from the Tax Preparer the fact that OLDS had received over $24,000 from the embezzlement scheme outlined in Paragraphs 1-6 of this Indictment....
>
> 21. OLDS well knew that the federal refund that she could claim for the tax year of 2003 would have been reduced if she had declared, on her Form 1040, the over $24,000 that she had stolen from the CFSA.

Thus, Olds's concealment of this embezzlement income was part and parcel of her scheme to obtain large, fraudulent, tax refunds, and the theft and tax counts are properly joined. To prove this concealment aspect of the tax scheme, the government would introduce evidence of the thefts. Thus, there would be a significant overlap of evidence.

Joinder is also appropriate because the theft and tax counts are, as Rule 8(a) provides, of the "same or similar character." As the government explained in its November 13 pleading, in both her theft from the CFSA and her quest for fraudulent tax refunds, the defendant stole funds from the government, submitted forged documents, and used the names of individuals that did not exist. Also, her theft and her tax occurred simultaneously. See Govt's November 13 pleading, at 12.

The defendant makes three arguments for misjoinder. First, she points out that the original indictment did not contain paragraphs 19 and 21, quoted above. That is true. Then, she contends that the inclusion of this concealment aspect of the tax scheme is "gratuitous." Defense Motion, at 5. Citing no cases or other authority, the defendant tries to convert her adjective "gratuitous" into a rule of law that would circumvent Rule 8(a) analysis. Whether paragraphs 19 and 21 were in the original indictment is simply irrelevant. This case is now based on a superseding indictment.[1]

Second, the defendant seems to suggest – through cryptic cites to United States v. Diaz-Munoz, 632 F.2d 1330 (5th Cir. 1980) and United States v. Creamer, 370 F.Supp.2d 715 (N.D.Ill. 2005) – that the joinder of tax and theft counts is generally impermissible under Rule 8. Nothing could be further from the truth. As the Sixth Circuit has explained, "It is appropriate to combine tax charges against one defendant with fraud charges against that same defendant... Failure to report income from an illegal activity is an act which does arise directly out of the common enterprise because concealment of ill-gotten gain is an integral part of assuring the success of that

---

[1]Indeed, if the defendant's thefts had been mentioned in the original indictment, which did not charge her for this conduct, the defendant would, no doubt, have filed a motion arguing that their inclusion was prejudicial surplusage.

illegal activity." United States v. Bibby, 752 F.2d 1116, 1121 (6th Cir. 1985). See United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005) ("Because the credit application counts contained financial figures that were materially different from those reported on his tax returns, joinder of the tax counts with the false credit application counts was appropriate.") (citing cases). Indeed, the Creamer case, on which the defendant relies, contains the following parenthetical quotations: "See United States v. Anderson, 809 F.2d 1281, 1288 (7th Cir. 1987) ('Joinder of tax evasion counts is appropriate when it is based upon unreported income flowing directly from the activities which are the subject of the other counts')" Creamer, 370 F.Supp.2d. at 732; "See United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996) (observing that the 'common scheme or plan' basis [for joinder under Rule 8] 'is often used to join false statement claims with tax fraud charges where the tax fraud involves failure to report specific income obtained by the false statements.')" Creamer, 370 F.Supp.2d at 730.

The two cases on which the defendant relies are easily distinguishable. In Creamer, the defendant was charged with bank fraud and with an unrelated tax count based on the failure to pay withholding taxes to the IRS. The court, well aware of the examples that it provided of cases in which tax counts and other counts were properly joined, explained that there was little relationship between the fraud and tax charges: there was little overlap in evidence, little temporal relation between the offenses, the bank fraud was not even a partial predicate for the tax charges. Similarly, in Diaz-Munoz, the other case the defendant cites, at trial, it became clear that there was little relationship between tax counts and fraud counts. There was no evidence that the tax counts had anything to do with the failure to report illegal income obtained from other charged criminal conduct.

The defendant's third argument that the counts are misjoined under Rule 8(a) is that, in its November 13 pleading, the government used the word "scheme" to describe the tax conduct and also used the word "scheme" to describe the theft from CFSA. It is hard to imagine any sizeable federal case in which several smaller schemes are not part of a larger scheme. The defendant's argument is wordplay, which is no substitute for applying the law interpreting Rule 8(a).

Finally, the defendant argues that even if they are properly joined under Rule 8(a), the counts should be severed under Rule 14. This argument should be rejected.

It is well-established that the defendant bears the heavy burden of proving prejudicial joinder under Rule 14. United States v. Spitler, 800 F.2d 1267 (4th Cir. 1986). See United States v. Carson, 455 F.3d 336, 374 (D.C. Cir. 2006) (defendant has the burden to prove prejudice). The risk of prejudice must be compelling. United States v. Cross, 928 F.2d 1030 (11th Cir. 1989). The test for determining "compelling prejudice" is the jury's ability to follow the trial court's instructions and separate evidence relating to each count. Id. at 1039; see also United States v. Leavitt, 878 F.2d 1329 (11th Cir. 1989). In other words, where adequate instructions are available, a defendant cannot make out compelling prejudice. United States v. West, 877 F.2d 281 (4th Cir. 1989). Moreover, no undue prejudice results in instances where charges sought to be severed would be admissible, such as under Rule 404(b) of the Federal Rules of Evidence. Cf. United States v. DeLoach, 654 F.2d 763, 769 (D.C. Cir. 1980).

As the government stated in its November 13 pleading, the CFSA theft evidence would be admissible under Rule 404(b) in a trial on the tax charges. As explained more fully in that pleading, the theft evidence would be admissible to prove that the defendant knew that her claim for a tax refund on her 2003 federal return was false and also to establish a pattern of conduct

that helps to prove the defendant's criminal intent. See Govt's November 13 pleading, at 12-13.

Moreover, the CFSA evidence would be admissible in a tax trial, even apart from Rule 404(b). As the government stated in its earlier pleading:

> [E]vidence of acts which are part of, or "inextricably intertwined" with, a charged crime is direct proof of that crime and is not subject to Rule 404(b) analysis. United States v. Badru, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996). Although the Court of Appeals has occasionally criticized the bifurcation of evidence into that which is "inextricably intertwined" or "intrinsic" and that which is "extrinsic" (and thus subject to 404(b) analysis), see United States v. Bowie, 232 F.3d 923, 927 (D.C. Cir. 2000), this bifurcation remains the law in this Circuit. See United States v. Alexander, 331 F.3d 116 (D.C. Cir. 2003) (commenting on Bowie: "Although we have recently expressed our dissatisfaction with the extrinsic-intrinsic distinction, see Bowie, 232 F.3d at 927-29, we have nonetheless recognized that 'at least in a narrow range of circumstances . . . evidence can be "intrinsic to" the charged crime.'").

Govt's November 13 pleading, at 4. The superseding indictment alleges that:

> 19. Also, for the tax year of 2003, OLDS concealed from the Tax Preparer the fact that OLDS had received over $24,000 from the embezzlement scheme outlined in Paragraphs 1-6 of this Indictment....
>
> 21. OLDS well knew that the federal refund that she could claim for the tax year of 2003 would have been reduced if she had declared, on her Form 1040, the over $24,000 that she had stolen from the CFSA.

The CFSA theft is, thus, direct evidence of part of the tax charges. The two sets of charges are inextricably intertwined. Even apart from Rule 404(b), the CFSA theft evidence would be admissible on that basis.

<u>The introduction, under Rule 404(b), of evidence of the CFSA theft in a trial on the tax-refund charges</u>

If the Court were to grant the defendant's motion to sever the CFSA theft charges from the tax charges, the government would still move that evidence of the CFSA theft should be admitted as uncharged conduct in a trial on the tax charges. The government briefed that issue in

its November 13 pleading.

Also, given the language in paragraphs 19 and 21 of the superseding indictment and as explained above, the CFSA theft is inextricably intertwined with the tax counts, and the theft evidence is admissible on that basis.

## Conclusion

For these reasons, and other reasons that may be presented at the motions hearing, the government respectfully requests that:

a) the Court grant the government's motion to introduce, under Rule 404(b), evidence that the government has outlined that the defendant sought and received fraudulent tax refunds by filing false D.C. and federal tax returns for the tax years of 1998-2000;

b) the Court deny the defendant's motion to sever counts 1-2 from counts 3-6.

c) in the event that the Court grants the defendant's severance motion, the Court nevertheless grant the government's motion to introduce evidence, under Rule 404(b), of the defendant thefts from the CFSA in a trial on the tax charges.[2]

---

[2] Upon consideration of the defendant's arguments regarding the proposed 608(b) evidence, the government will not seek to question the defendant on these matters. Arguably, both of these incidents fall outside the statute of limitations, thus negating any Fifth Amendment issue that the defendant may have. Nevertheless, the government will not use this evidence at trial, though it surely would at sentencing, in the event of a conviction.

Respectfully submitted,

JEFFREY A. TAYLOR
D.C. Bar Number 498610
United States Attorney

_____

HOWARD R. SKLAMBERG
D.C. Bar Number 453852
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, DC 20001
(202) 514-7296

Certificate of Service

    I hereby certify that on January 17, 2007, a copy of this pleading was served by electronic mail upon Mary Petras, Esq., Federal Public Defender's Office.

_____

Howard R. Sklamberg
Assistant United States Attorney