### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 06-186 (GK) |
| | : | |
| STEPHANIE OLDS, | : | FILED |
| | : | |
| Defendant. | : | FEB 0 7 2007 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

Upon consideration of the Defendant's pending Motion to Sever Counts and the Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts, the supporting memoranda of law, and the applicable case law, the Court concludes for the following reasons that the Motion to Sever should be **denied**, and that the portion of the Government's § 404(b) Motion which is still relevant is **granted**.

The Defendant is charged in a Superseding Indictment, filed on December 14, 2006, in Counts 1 and 2 with fraud in the first degree, relating to the alleged theft and/or embezzlement by the Defendant of monies owed to her employer, the District of Columbia Children and Family Services Agency (the "CFSA fraud"); in Counts 3-5 with making false claims, relating to the allegedly false tax refund claims which she filed with the United States Government for tax years 2001, 2002, and 2003 (the "federal tax refund fraud"); and in Count 6 with fraud in the first degree relating to the allegedly false tax refund claims which she filed with the District of Columbia Government for tax years 2001 and 2002 (the "District of Columbia tax refund fraud"). Trial is scheduled in this matter for April 23, 2007.

## Defendant's Motion to Sever

1.      Defendant has moved to sever Counts 1 and 2 of the Superseding Indictment ("Indictment"), pertaining to the CFSA fraud charges, from Counts 3-6, pertaining to the tax refund fraud charges. In Counts 3-6, the Government alleges that, for the tax years 2001, 2002, and 2003, the Defendant forged W-2 forms reporting that she worked for a urologist and that monies were withheld from her salary for federal and District of Columbia income tax payments. The Indictment further charges that Defendant did not work for that urologist during that time period, that no monies were withheld for federal or District of Columbia taxes by that urologist during that time period, and that her claims for tax refunds were fraudulent.

2.      Defendant claims misjoinder of Counts 1 and 2 with Counts 3-6. Under Rule 8(a) of the Federal Rules of Criminal Procedure, the Government may join different offenses in a single indictment when those offenses "are of the same or similar character, . . . or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Severance of properly joined offenses may be granted under Fed. R. Crim. P. 14(a) if such joinder "appears to prejudice a defendant or the government. . . ."

3.      There is no question that joinder of offenses is the "rule rather than the exception," given the Court's "dominant concern with judicial [and prosecutorial] economy; the primary purpose of joinder is to insure that a given transaction need only be proved once." United States v. Treadwell, 566 F. Supp. 80, 86 (D.D.C. 1983) (brackets in original) (citations omitted). The Supreme Court and our Court of Appeals have ruled on numerous occasions that "[t]here is a strong preference for joint trials in the Federal system. . . ." Zafiro v. United States, 506 U.S. 534, 539 (1993); see United States v. Long, 906 F.2d 1572 (D.C. Cir. 1990).

-2-

4.    Under Rule 8(a), the Court must determine whether there is a "logical relationship" between the transactions joined in the indictment and whether there exists "a substantial overlap of issues and evidence." United States v. Perry, 731 F.2d 985, 990 (D.C. Cir. 1984). The CFSA theft charges in Counts 1 and 2, and the federal and local tax refund charges in Counts 3-6 are offenses "of the same or similar character," in that they both involve a scheme to defraud the federal and local governments of tax monies which they are owed. Moreover, the charges "are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). As the Government points out in its papers, the Defendant's concealment of her embezzled income (the CFSA fraud) was part and parcel of her scheme to obtain large amounts of government refunds to which she was not entitled (the federal and local tax refund fraud). Paragraphs 19 and 21 of the Indictment make it clear that, according to the Government, the Defendant knew that the federal refunds that she was falsely claiming for the tax year 2003 would have been reduced if she had declared the approximately $24,000 she had embezzled from CFSA. Thus, in order to prove all elements of the counts in the Indictment, the Government would have to introduce evidence of the CFSA scheme. In short, there would be a significant overlap of evidence pertaining to both sets of fraudulent conduct.

5.    In addition, as already noted, both the CFSA fraud and the federal and local tax refund frauds are of the same or similar character, as Rule 8(a) permits. In all of those schemes, the Government alleges that the Defendant stole funds from a governmental entity (in Counts 1 and 2 by stealing from CFSA and in Counts 3-6 by claiming refunds to which she was not entitled), by using forged documents and by using the names of individuals who did not exist, and that there would be related tax consequences. Moreover, the theft and tax transactions occurred during overlapping periods of time.

-3-

6.    For these reasons, the requirements of Rule 8(a) are amply satisfied and all Counts were properly joined.

7.    As noted above, Rule 14 allows relief from proper joinder if it would be prejudicial to either party. However, the prejudice to be demonstrated must be "compelling," United States v. Cross, 928 F.2d 1030, 1039 (11th Cir. 1989), and it is the defendant's burden to satisfy that test, United States v. Carson, 455 F.2d 336, 374 (D.C. Cir. 2006). In this case, Defendant has offered no evidence of undue or compelling prejudice, nor has the Defendant suggested that a jury would not be able to follow clear and explicit instructions, and separate the evidence relating to the CFSA scheme from the evidence relating to the tax refund schemes. Consequently, the Court finds no justification for granting relief pursuant to Rule 14 and severing the counts.

### Government Motion to Admit Fed. R. Evid. 404(b) Evidence

8.    The parties agree that if severance is denied, as the Court is ruling, the only remaining 404(b) issue is admissibility of evidence relating to the District of Columbia tax returns for tax years 1998, 1999 and 2000. These tax years are not charged in the Indictment.

9.    The law on Rule 404(b) evidence is well established in this Circuit. It is a rule of inclusion rather than exclusion, and allows the admission of evidence as long as it is offered only for relevant purposes, such as motive, opportunity, intent, preparation, plan, knowledge, identification, or absence of mistake or accident. The one and only purpose for which such evidence may never be admitted is to show a person's character, or to show that her actions conformed to her character. See United States v. Lawson, 410 F.3d 735, 741 (D.C. Cir. 2005); United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000); United States v. Long, 328 F.3d 655, 661 (D.C. Cir. 1993).

-4-

10.    Under Rule 404(b), the Court must consider two issues. First, the Court must determine whether the evidence is "probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). In this case, the evidence being offered regarding the District of Columbia tax returns for tax years 1998, 1999, and 2000 is probative of the Defendant's knowledge, intent and absence of mistake regarding the fraudulent refund claims she filed for tax years 2001, 2002, and 2003. Courts have routinely permitted admission of such evidence of prior conduct to explain and demonstrate a defendant's similar conduct relating to filing taxes in subsequent years. See United States v. Daraio, 445 F.3d 253, 264 (3d Cir. 2006); United States v. Chmielewski, 218 F.3d 840, 843 (8th Cir. 2000).

11.    The second issue the Court must then consider under Rule 404(b) is whether the evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. Our Court of Appeals has indicated that "the balance under 404(b) should be generally struck in favor of admission when the evidence indicates a common relationship to the event charged." United States v. Johnson, 802 F.2d 1459, 1464 (D.C. Cir. 1986). As discussed earlier, the Court sees no danger of unfair prejudice. Careful and specific instructions will be given to the jury; the Counts themselves refer clearly to specific tax years so that the jury should not have any difficulty keeping the evidence separate; and finally, the Court will give a limiting instruction if the Defendant so requests.

12.    The Government also argues that the evidence pertaining to tax years 1998, 1999, and 2000 is not extrinsic evidence subject to a Rule 404(b) analysis, but rather is intrinsic evidence which is intertwined with all the counts in the Indictment. United States v. Badru, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996). While that is not the primary rationale upon which the Court is relying, the

-5-

Government's theory is well justified and would support admission of the evidence in issue on that basis alone.

February 7, 2007

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**