**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No.: 06-186 (GK)** |
| | **:** | |
| **STEPHANIE EMERSON OLDS** | **:** | |
| **Defendants** | **:** | |
| | **:** | |

**GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS AND JURY INSTRUCTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits these Proposed Voir Dire Questions and Jury Instructions.

Proposed Voir Dire Questions

1. Ms. Olds is charged in a grand-jury indictment with one count of Theft from a Program Receiving Federal Funds, two counts of First Degree Fraud, and three counts of Making False Claims. The federal program theft count and one of the First Degree Fraud counts allege that, in 2003, Ms. Olds stole about $25,000 from the District of Columbia Child and Family Services Agency. The other First Degree Fraud count and the false claims counts allege that Ms. Olds filed false federal individual income tax returns for the tax years of 2001, 2002, and 2003, and false District of Columbia individual income tax returns for the tax years of 2001 and 2002. The indictment alleges that Ms. Olds claimed about $110,000 in tax refunds to which she was not entitled.

a. Does any member of the panel know anything about this case?

b. Is there anything about the kind of charges in this case that would prevent you from rendering a fair and impartial verdict if you were selected to be a juror in this case? If yes, explain.

1

2.  The prosecutor in this case is Assistant United States Attorney Howard Sklamberg.  Does anyone know or recognize Mr. Sklamberg?

2.  The defendant in this case is Stephanie Emerson Olds, who is represented by Mary Manning Petras.  Does anyone know or recognize the defendant or her counsel?

3.  The government may call the following witnesses during the trial:  [Please refer to Government's List of Proposed Witnesses].

a.  Does anyone recognize any of these potential witnesses?  If yes, explain how.

5.  The Internal Revenue Service, District of Columbia Inspector General's Office, and the District of Columbia Office of Tax and Revenue investigated this case.  Has anyone had any dealings with members of any of these agencies?  Please describe.  Would any of you be inclined to give either greater or lesser weight to the testimony of these agents simply because he or she is a law enforcement official affiliated with these agencies?  If so, explain.

6.  Have any members of the panel, or any of your close friends or relatives, either studied law or received legal training?  Have any members of the panel, or any of your close friends or relatives, ever worked for a lawyer or a law firm in any capacity, including for example as a legal assistant or investigator?

a.  If so, what areas of law have you or they practiced, studied, or received training in?

b.  Would this experience affect your ability to follow the judge's instructions of law?

7.  Are any members of the jury panel, or your relatives or close friends, currently employed or have been previously employed by a law enforcement agency, such as, the U.S. Secret Service, the FBI, the D.C. Attorney General's Office, the Metropolitan Police Department, or the U.S. Attorney's Office?

2

a. If so, in what capacity?

b. Would your employment or that of a friend or relative affect your ability to render a fair and impartial verdict?

8. Has any member of the panel been a member of a neighborhood watch organization such as the orange hats?

9. Have any members of the panel ever served on a jury before? If so, when, what type of case, and what was the outcome? Was there anything about your prior jury experience that would lead you to feel more favorable to one side or the other in this case?

10. Has any member of the panel, or a close friend or relative, been a plaintiff or a defendant in any civil or criminal court case? If so, what type of case? When and where? What was the outcome?

11. This case will involve the use of a number of business records and evidence related to taxes and tax returns. Is there any member of the panel who believes that they might have difficulty understanding or concentrating on this type of evidence? If yes, explain.

12. The government may call a witness who may testify as an expert in handwriting analysis. Does any member of the panel have any special training or knowledge in this field? Is there anything about the nature of this type of evidence that would affect your ability to render a fair and impartial verdict in this case?

13. Has any member of the panel ever been employed by or conducted any business with the District of Columbia Child and Family Services Agency?

14. The defendant in a criminal case is presumed to be innocent. The government has the burden of proving the defendant guilty beyond a reasonable doubt. That burden does not shift

throughout the trial.  The defendant has no obligation to testify in his own behalf or call witnesses or put on a defense.  Is there any member of jury panel that has any difficulty understanding and applying these rules?  If yes, explain.

15.  There are two types of evidence, direct evidence and circumstantial evidence.  The law makes no distinction between the weight you should give either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence.  Is there any member of jury panel that has any difficulty understanding and applying this rule?  If yes, explain.

16.  Has any member of the panel, or a close friend or relative, been a witness to a crime, a victim of a crime, or charged with a crime?  If yes, explain.

a.  Has any member of the panel, or a close friend or relative,  ever been the victim of or charged with a crime such as the one alleged here?

b.  Has any member of the panel, or any of your close friends or relatives, ever been accused of or disciplined for theft or dishonesty related to their job?

17.  This case involves allegations related to taxes.  Does anyone have feelings about the Internal Revenue Service, the District of Columbia's Office of Tax and Revenue, our tax laws, the tax system in general that would affect your ability to be a fair juror in this case?

18.  Has any member of the panel, or a close friend or relative, been audited or had his or her tax returns questioned in any way by the Internal Revenue Service of the District of Columbia Office of Tax and Revenue?  Does that experience affect your ability to be a fair juror in this case?

19.  I expect that this case will take approximately six days to try, followed by jury deliberations.  Does anyone have any pressing commitment that would make sitting on this jury an extreme hardship?

20. Does anyone have any type of medical problem that would make sitting on this jury an extreme hardship?

21. Does any member of the panel have any moral, religious, or other beliefs that would make it difficult for you to pass judgment on another human being in this case?

22. Is there any member of the panel who, for any reason, believes that they could not participate in jury deliberations and render a fair and impartial verdict in this case?

Proposed Jury Instructions

The following instructions are drawn from the Bar Association of the District of Columbia's Criminal Jury Instructions (4th Ed. Revised 2005) (The Red Book):

General Instructions

| | |
|---|---|
| 1.02 | Notetaking by Jurors |
| 1.03 | Preliminary Instruction Before Trial |
| 1.04 | Stipulations of fact; judicial notice |
| 1.07 | Question Not Evidence |
| 1.08 | Expert Testimony |
| 1.21 | Preliminary Instruction Where Identity of Alternates Is Not Disclosed |
| 1.22 | A Juror's Recognition of A Witness or Other Party Connected to the Case |
| 2.01 | Function of Court |
| 2.02 | Function of Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in Case – Judicial Notice, Stipulations (if applicable) |
| 2.05 | Statements of Counsel |

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence

2.08    Burden of Proof -- Presumption of Innocence

2.09    Reasonable Doubt

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

        Preparation of Witnesses (if applicable)[1]

You have heard testimony about witnesses meeting with attorneys or investigators before

they testified.  It is perfectly proper for a lawyer or investigator to interview a witness in

preparation for trial.  In fact, a prosecutor or defense attorney may have a duty to interview

witnesses before trial.[2]

2.13    Number of Witnesses

2.14    Nature of Charges Not to be Considered

2.26    Law Enforcement Agent's Testimony (substituting "law enforcement agent" for
        "police officer")

2.27    Right of Defendant Not to Testify (if applicable)

2.28    Defendant as Witness (if applicable)

        Other Crimes Evidence (adapted from 2.51(B))

You have heard evidence that for the tax years of 1998, 1999, and 2000, the defendant filed

false federal and District of Columbia tax returns and received tax refunds to which she was not

---

[1]This instruction is not in the Red Book.

[2] See Seventh Circuit Pattern Criminal Jury Instruction 1.07 (1999)

entitled. It is up to you to decide whether to accept that evidence.

Before you consider that evidence however, you must first decide, without considering evidence related to the 1998, 1999, and 2000 tax returns, at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting charges 3-6 of the Indictment. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting charges 3-6 of the Indictment, you may then go on to consider the evidence that the defendant filed false tax returns and claimed false refunds in 1998, 1999, and 2000.

If you consider the evidence related to the 1998, 1999, and 2000 tax returns, you may use that evidence only to help you decide whether the government has proved beyond a reasonable doubt that, with respect to counts 3, 4, and 5, the defendant acted knowingly and on purpose, and not by mistake or by accident, and that with respect to count 6, the defendant had a specific intent to defraud.

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to her 1998, 1999, and 2000 tax returns, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe she may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting counts 3-6 of the Indictment, and you may not conclude from this evidence that because, for the tax years of 1998, 1999, and 2000, the defendant may have filed false tax returns and claimed refunds to which she was not entitled,  that she also committed the acts charged in

counts 3-6 of the Indictment.

You may only consider the evidence for the limited purposes of showing whether the defendant, if she falsely claimed federal tax refunds for the tax years of 2001, 2002, and 2003, she did so knowingly and not by accident or mistake, and that if she fraudulently claimed District of Columbia tax refunds for the tax years of 2001 and 2002, she did so with a specific intent to defraud.

| | |
|---|---|
| 2.52 | Multiple Counts – One Defendant |
| 2.71 | Selection of Foreperson |
| 2.72 | Unanimity |
| 2.73 | Exhibits During Deliberations |
| 2.74 | Possible Punishment Not Relevant |
| 2.75 | Communication Between Court and Jury During Deliberations |
| 2.76 | Furnishing the Jury With a Copy of the Instructions |

Definitions and Proof

| | |
|---|---|
| 3.02 | Proof of State of Mind |
| 3.07 | "On or About" – Proof of |

Offenses

| | |
|---|---|
| 4.02 | Aiding and Abetting |
| 4.05 | Willfully Causing an Act to be Done |

The government also requests the following particular instructions pertaining to the offenses charged in the indictment.

INSTRUCTION 1[3]

Count One of the Indictment charges the defendant with First Degree Fraud, specifically, that from in or about July 2003 through in or about December 2003, in the District of Columbia, defendant STEPHANIE EMERSON OLDS engaged in a scheme and systematic course of conduct with the intent to defraud and to obtain property of another, that is, money owed to and belonging to the District of Columbia Child and Family Services Agency, by means of false and fraudulent pretenses, representations, and promises and thereby obtained property of another and caused another to lose property, said property having a value of $250 or more.

---

[3]The instructions for First Degree Fraud are adapted from Redbook Instruction 4.41.

INSTRUCTION 2

Sections 22-3221(a) and 22-3222(a)(1) of the District of Columbia Code provide, in relevant part, that:

> A person commits the offense of fraud in the first degree if that person engages in a
> scheme or systematic course of conduct with intent to defraud or to obtain property
> of another by means of a false and fraudulent pretense, representation, or promise and
> thereby obtains property of another or causes another to lose property .... and the
> value of the property gained or lost is $250 or more.

<u>INSTRUCTION 3</u>

In order to sustain its burden of proof for the crime of first-degree fraud as charged in Count One of the Indictment, the government must prove the following four essential elements beyond a reasonable doubt:

1.    That the defendant engaged in a scheme or systematic course of conduct;

2.    That s/he did so with the intent to defraud someone or obtain property of another by means of a false or fraudulent pretense, representation or promise;

3.    That, as a result of that scheme or systematic course of conduct, the defendant obtained property of another or caused another to lose property; and

4.    That the property lost or obtained had a value of $250 or more.

INSTRUCTION 4

A scheme is any pattern of behavior calculated to deceive persons of ordinary prudence and comprehension. A systematic course of conduct is a pattern of activity. It need not exist over an extended period of time, but there must be more than an isolated act.

To act with intent to defraud means to act knowingly and with the purpose to deceive or cheat. An intent to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. The government need not prove that the defendant intended to defraud any particular person, so long as it proves that s/he intended to defraud any person.

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important aspect of the matter in question. The term includes an actual, direct false statement, a half-truth, and a knowing concealment of a fact that is material or important to the matter in question. The defendant must have known that the statement or assertion was untrue when he/she made or used it, or have made or used it with reckless indifference as to whether it was, in fact, true or false.

A material fact is a fact that would be important to a reasonable person in making a decision about a particular matter or transaction.

To show that the property was lost or obtained as a result of the scheme or systematic course of conduct the government must prove that, but for the defendant's scheme or systematic course of conduct, the property would not have been lost or obtained.

"Property of another" means anything of value owned by someone other than the defendant. [The next two paragraphs of this instruction are drawn from Redbook Instruction 3.05. Given that

the property in question is money, the government does not believe these two paragraphs are necessary.]

You must decide whether the value of the property allegedly wrongfully obtained by the defendant was $250 or more. Value means fair market value at the time when and the place where the property was allegedly wrongfully obtained. Fair market value is the price that a buyer who is willing but not obliged to buy would pay an owner who is willing but not obliged to sell, considering all the ways the property could reasonably be used.

Do not speculate or guess at the value of the property. Base your determination only on the evidence.

The government has alleged that the property was wrongfully obtained in a single scheme or systematic course of conduct. The government must prove this allegation beyond a reasonable doubt. If it has done so, you may add together the individual values of items of property wrongfully obtained in order to determine whether the value of the property was $250 or more. But in order to find that the value of the property was $250 or more by adding up the values of items of property, you must all agree beyond a reasonable doubt that those items were wrongfully obtained as part of a scheme or systematic course of conduct.[4]

---

[4]The phrase "Further, each item must have been obtained by the defendant within a period of seven consecutive days" has been omitted.  This requirement applies only to credit-card fraud, and not to first-degree fraud.  *See* D.C. Code § 22-3202.

INSTRUCTION 5

Count Two of the Indictment charges the defendant with Theft from a Program Receiving Federal Funds, specifically, that from in or about July 2003 through in or about November 2003, in the District of Columbia and elsewhere, defendant STEPHANIE EMERSON OLDS, then an agent and employee of the District of Columbia Child and Family Services Agency, embezzled, stole, obtained by fraud, and without authority knowingly converted to the use of a person not the rightful owner, monies, worth $5,000 or more, that were owned by the District of Columbia Child and Family Services Agency, a state and local agency that received over $10,000 from a federal program in both the one-year period of October 1, 2002 through September 30, 2003 and the one-year period of October 1, 2003 through September 30, 2004.

INSTRUCTION 6[5]

Section 666 of the United States Code provides, in relevant part, that:

Whoever ... being an agent of an organization, of a State, local, or Indian tribal government, or any agency thereof embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that (i) is valued at $5,000 or more, and (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency [shall be guilty of a crime].

---

[5]The instructions for Count Two are drawn from Sand et al, *Modern Federal Jury Instructions*, § 27A (2006 ed.).

INSTRUCTION 7

In order to sustain its burden of proof for the crime of Theft from a Program Receiving Federal Funds, as charged in Count Two of the Indictment, the government must prove the following five essential elements beyond a reasonable doubt.

1.    That, at the time alleged in the Indictment, the defendant was an agent of the District of Columbia Child and Family Services Agency;

2.    That, in a one-year period, the District of Columbia Child and Family Services Agency received federal benefits in excess of $10,000.

3.    That the defendant stole, embezzled, or knowingly converted property;

4.    That the property stolen belonged to or was in the care, custody, or control of the District of Columbia Child and Family Services Agency;

5.    That the value of the property stolen was at least $5,000.

INSTRUCTION 8

The first element the government must prove beyond a reasonable doubt is that at the time alleged in the Indictment, the defendant was an agent of the District of Columbia Child and Family Services Agency.

An "agent" is a person authorized to act on behalf of another person, organization, or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

INSTRUCTION 9

The second element the government must prove beyond a reasonable doubt is that in a one-year period, the District of Columbia Child and Family Services Agency received federal benefits in excess of $10,000.

To prove this element, the government must establish that District of Columbia Child and Family Services Agency received during a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance. This does not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

The one-year period must be a continuous period that commences no earlier than twelve months before the defendant committed the acts charged in the Indictment or must end no later than twelve months after the defendant committed the acts charged in the Indictment. The one-year period may include time both before and after the defendant committed the acts charged in the Indictment.[6]

---

[6]This definition tracks the language of 18 U.S.C. § 666(d)(5).

<u>INSTRUCTION 10</u>

The third element the government must prove beyond a reasonable doubt is that the defendant stole or embezzled or knowingly converted property.

To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property.

To embezzle money or property means to voluntarily and intentionally take or convert to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment or position of trust

To convert money or property means to appropriate or use such money or property for the benefit of oneself or any other person who was not the rightful owner with the intent to deprive the rightful owner of the money or property.

INSTRUCTION 11

The fourth element the government must prove beyond a reasonable doubt is that the property stolen, embezzled, or knowingly converted belonged to the District of Columbia Child and Family Services Agency.

INSTRUCTION 12

The fifth and final element the government must prove beyond a reasonable doubt is that the value of the property stolen or embezzled or knowingly converted was at least $5,000.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.

You may aggregate or add up the value of the property obtained from a series of acts by the defendant to meet this $5,000 requirement, so long as you find that each act of stealing was part of a single scheme by the defendant to obtain property belonging to the District of Columbia Child and Family Services Agency.

The government does not have to prove that the property taken by the defendant was received by the District of Columbia Child and Family Services Agency as federal benefits.

INSTRUCTION 13

Counts Three, Four, and Five of the Indictment charge the defendant with Making False Claims, specifically, that on or about the dates and in the amounts set forth in Paragraph 24 of the Indictment, in the District of Columbia and elsewhere, defendant STEPHANIE EMERSON OLDS caused her Tax Preparer to make and present to a department and agency of the United States, that is, the Internal Revenue Service, claims upon and against the United States and any department and agency thereof, that is, Form1040 individual income tax returns claiming tax refunds, knowing such claims to be false, fictitious, and fraudulent

INSTRUCTION 14[7]

Section 287 of the United States Code provides, in relevant part, that:

Whoever ... makes or presents to any department or agency [of the United States], any claim

upon or against the United States, or any department or agency thereof, knowing such claim

to be false, fictitious, or fraudulent [shall be guilty of a crime].


Section 2(b) of the United States Code provides, in relevant part, that:

Whoever willfully causes an act to be done which if directly performed by him or another

would be an offense against the United States, is punishable as a principal.

---

[7]The instructions for Counts Three, Four, and Five are drawn from Sand et al, *Modern Federal Jury Instructions* (2006 ed.), ¶ 18.01.

23

<u>INSTRUCTION 15</u>

In order to sustain its burden of proof for the crime of Making False Claims as charged in Counts Three, Four, and Five of the Indictment, the government must prove the following three essential elements beyond a reasonable doubt.

1.  That on or about January 30, 2002 (for Count Three), January 28, 2003 (for Count Four), and March 3, 2004 (for Count Five), the defendant knowingly made or presented a claim to the Internal Revenue Service.

2.  That the claim which was made or presented was a claim against the United States or a department or agency of the United States.

3.  That the defendant presented the claim knowing that it was false, fictitious, or fraudulent as to a material fact.

INSTRUCTION 16

The first element the government must prove beyond a reasonable doubt is that the defendant knowingly made or presented a claim to the Internal Revenue Service.

In this case, the government does not contend that the defendant submitted the claim directly to the Internal Revenue Service. Rather, the government contends that the defendant *caused* the claim to be submitted to the Internal Revenue Service by causing her tax preparer to submit it to the Internal Revenue Service.[8]

In this regard, you may consider the application of section 2 of the federal penal laws which provides, in pertinent part, that "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal."

Thus, if you find that the defendant willfully caused her tax preparer to submit a claim to the Internal Revenue Service, you may find the first element of this offense satisfied.

It is not necessary that the tax preparer was aware that the claim was false.

---

[8]The second and fourth paragraphs of this instruction have been modified slightly to correspond to the allegations in this case.

25

INSTRUCTION 17

The second element the government must prove beyond a reasonable doubt is that the claim was made or presented against the United States or a department or agency of the United States.

If you find that the claim received by an agency or department of the United States was one which the agency or department was expected to pay, then this element of the offense is satisfied.

<u>INSTRUCTION 18</u>

The third element the government must prove beyond a reasonable doubt is that the claim was false, fictitious, or fraudulent as to a material fact.

A claim is false if it was untrue when made, and was then known to be untrue by the person making it or causing it to be made.

A claim is fictitious if it is not real or if it does not correspond to what actually happened, and the person making it or causing it to be made knew that it was not real at the time it was made.

A claim is fraudulent if it was falsely made or caused to be made with the intent to defraud.

A material fact is one which has a natural tendency to influence or is capable of affecting or influencing a government function.  That is, it must relate to an important fact as distinguished from some unimportant or trivial detail.

An act is done knowingly if it is done voluntarily and purposefully, and not done by mistake, carelessness, or other innocent reason.  However, the government does not have to prove that defendant knew of the relevant criminal provisions governing his conduct, as long as it proves that the defendant knew that the claim was false or fictitious.  There is also no need for the prosecution to prove that the government relied on the false claim.

To act with intent to defraud means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to the United States.

In this case, the government has alleged that the claim on IRS Form 1040 for a tax refund is false, fictitious, or fraudulent.  The government must prove that this claim is false, fictitious, or fraudulent.

INSTRUCTION 19[9]

Count Six of the Indictment charges the defendant with First Degree Fraud, specifically, that on or about the dates and in the amounts set forth in Paragraph 26 of the Indictment, in the District of Columbia, defendant STEPHANIE EMERSON OLDS engaged in a scheme and systematic course of conduct with the intent to defraud and to obtain property of another, that is, tax refund payments from the District of Columbia, by means of false and fraudulent pretenses, representations, and promises, as set forth above, and thereby obtained property of another and caused another to lose property, said property having a value of $250 or more.

---

[9]The instructions for First Degree Fraud are adapted from Redbook Instruction 4.41.

INSTRUCTION 20

Sections 22-3221(a) and 22-3222(a)(1) of the District of Columbia Code provide, in relevant part, that:

> A person commits the offense of fraud in the first degree if that person engages in a
> scheme or systematic course of conduct with intent to defraud or to obtain property
> of another by means of a false and fraudulent pretense, representation, or promise and
> thereby obtains property of another or causes another to lose property .... and the
> value of the property gained or lost is $250 or more.

INSTRUCTION 21

In order to sustain its burden of proof for the crime of first-degree fraud as charged in Count Six of the Indictment, the government must prove the following four essential elements beyond a reasonable doubt:

1.    That the defendant engaged in a scheme or systematic course of conduct;

2.    That s/he did so with the intent to defraud someone or obtain property of another by means of a false or fraudulent pretense, representation or promise;

3.    That, as a result of that scheme or systematic course of conduct, the defendant obtained property of another or caused another to lose property; and

4.    That the property lost or obtained had a value of $250 or more.

INSTRUCTION 22

INSTRUCTION 4

A scheme is any pattern of behavior calculated to deceive persons of ordinary prudence and comprehension. A systematic course of conduct is a pattern of activity. It need not exist over an extended period of time, but there must be more than an isolated act.

To act with intent to defraud means to act knowingly and with the purpose to deceive or cheat. An intent to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. The government need not prove that the defendant intended to defraud any particular person, so long as it proves that s/he intended to defraud any person.

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important aspect of the matter in question. The term includes an actual, direct false statement, a half-truth, and a knowing concealment of a fact that is material or important to the matter in question. The defendant must have known that the statement or assertion was untrue when he/she made or used it, or have made or used it with reckless indifference as to whether it was, in fact, true or false.

A material fact is a fact that would be important to a reasonable person in making a decision about a particular matter or transaction.

To show that the property was lost or obtained as a result of the scheme or systematic course of conduct the government must prove that, but for the defendant's scheme or systematic course of conduct, the property would not have been lost or obtained.

"Property of another" means anything of value owned by someone other than the defendant.

[The next two paragraphs of this instruction are drawn from Redbook Instruction 3.05. Given that the property in question is money, the government does not believe these two paragraphs are necessary.]

You must decide whether the value of the property allegedly wrongfully obtained by the defendant was $250 or more. Value means fair market value at the time when and the place where the property was allegedly wrongfully obtained. Fair market value is the price that a buyer who is willing but not obliged to buy would pay an owner who is willing but not obliged to sell, considering all the ways the property could reasonably be used.

Do not speculate or guess at the value of the property. Base your determination only on the evidence.

The government has alleged that the property was wrongfully obtained in a single scheme or systematic course of conduct. The government must prove this allegation beyond a reasonable doubt. If it has done so, you may add together the individual values of items of property wrongfully obtained in order to determine whether the value of the property was $250 or more. But in order to find that the value of the property was $250 or more by adding up the values of items of property, you must all agree beyond a reasonable doubt that those items were wrongfully obtained as part of a scheme or systematic course of conduct.[10]

---

[10]The phrase "Further, each item must have been obtained by the defendant within a period of seven consecutive days" has been omitted. This requirement applies only to credit-card fraud, and not to first-degree fraud. *See* D.C. Code § 22-3202.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:    _____/s/_____
HOWARD R. SKLAMBERG
ASSISTANT U.S. ATTORNEY
D.C. Bar Number 453852
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7296


<u>Certificate of Service</u>

I hereby certify that on April 9, 2007, a copy of this pleading was served by electronic mail upon Mary Petras, Esq., Federal Public Defender's Office.


_____
Howard R. Sklamberg
Assistant United States Attorney