**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Crim. No. 06-CR-186 (GK)** |
| | **:** | |
| **STEPHANIE EMERSON OLDS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S MOTION TO PERMIT IRS SPECIAL AGENT**
**ERICA FORD TO REMAIN AT COUNSEL TABLE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of its motion to allow IRS Special Agent Erica Ford to remain at counsel table throughout the trial.

Rule 615, Fed. R. Evid. mandates, upon motion, the sequestration of the witnesses in any case. Excluded from mandatory sequestration, however, is "an officer or employee of a party which is not a natural person designated as its representative by its attorney . . ." Rule 615(2). A government investigative agent, involved in a criminal prosecution, is within this exception. United States v. Gonzalez, 918 F.2d 1129, 1137-38 (3rd Cir. 1990), cert. denied, 499 U.S. 982 (1991); United States v. Berry, 133 F.3d 1020, 1024 (7th Cir.) (the trial judge permitted government's case agent to sit at the table through the entire trial and then testify at the end of the proceedings), cert. denied, 523 U.S. 1143 (1998); United States v. Parodi, 703 F.2d 768, 773 (4th Cir. 1983).

.
> It is true that Rule 615 mandates, upon motion, the sequestering of the witnesses in any case. Excluded from such mandatory requirement, however, is 'an officer or employee of a party which is not a natural person designated as its representative by its attorney' at trial. It has been authoritatively determined, based on the legislative history of the Rule, that a government investigative agent involved in a criminal prosecution . . . is within this exception.

Parodi, 703 F.2d at 773 (citations omitted).

As noted in the Senate Judiciary Committee Report 93-1277:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness.  The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in -- he always has the client with him to consult during the trial.  The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter.  The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.
>
> This problem is solved if it is clear that investigative agents are within the groups specified under the second exception made in the rule for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee.  It is certainly this committee's construction of the rule.

S. Rep. No. 93-1277, 93rd Cong., 2nd Sess. (1974), U. S. Code Cong.  & Admin. News 1974, pp. 7051, 7073, reprinted in Historical Note, 28 U.S.C.A., Rule 615.  Similarly, in In re: United States, 584 F.2d 666 (5th Cir. 1978), the Fifth Circuit held that the trial judge erred in excluding a federal agent from the courtroom after the prosecution had designated him as its representative pursuant to Section 615 (2).

The Advisory Committee's note takes the position that while Rule 615 admits the authority of the trial judge, the question of sequestration is no longer one of discretion but of right.

Even prior to the adoption of Rule 615, it was proper for an agent to sit at counsel table even though he testified as a witness, e.g., United States v. Maestas, 523 F.2d 316, 321 (10th Cir. 1975); United States v. Thor, 512 F.2d 811, 813 (5th Cir.), cert. denied, 423 U.S. 1014 (1975); United

States v. Pellegrino, 470 F.2d 1205, 1208 (2d Cir. 1972), cert. denied, 411 U.S. 918 (1973) (no error where trial judge permitted government agent to sit at counsel table throughout entire trial and testify as the prosecutor's last witness in its case-in-chief).

Indeed, this practice is recognized and permitted in this circuit and has been requested by other prosecutors and granted in a number of different cases. For example, in United States v. Thornton, D.C. Cir. No. 77-1309 (unpublished opinion, filed February 6, 1978), Judge Corcoran allowed the government's chief investigator to sit at counsel table throughout a gambling trial. On appeal, the court held this ruling was proper under Section 615(3) ("a person whose presence is shown by a party to be essential to the presentation of his cause"). In the following trials, this motion was either not opposed or granted: United States v. Perholtz, No. 85-0255, January 14, 1986 (J. Gesell); United States v. Savan, No. 88-0148, May 1, 1989 (J. Lamberth); United States v. Recognition Equipment, Inc., No. 88-0385, September 27, 1989 (J. Revercomb); and United States v. Barbara Love, No. 91-0122, October 1991 (J. Johnson).

This Circuit has also upheld exceptions to Rule 615 for other witness who were not agents of the government. Queen v. Washington Metropolitan Area Transit Authority, 842 F.2d 476, 481-82 (D.C. Cir. 1988) (the court ruled that a bus driver was the "designated representative" of WMATA and could be excluded from being sequestered); Tasty Baking Co. v. National Labor Relations Board, 254 F.3d 114, 122 (D.C. Cir. 2001) (the court ruled that a witness was a designated representative and could be excluded from sequestration).

The risk that her presence in the courtroom would give the Special Agent an opportunity to tailor her testimony is minimized by the limited nature of the Special Agent's testimony. The government intends to call the Special Agent to testify about the process by which she obtained handwriting exemplars from the defendant.[1]

WHEREFORE, for the foregoing reasons, the United States moves this Court to allow IRS Special Agent Erica Ford to remain at counsel table during the trial of this case.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:    _____
ELLEN CHUBIN EPSTEIN, DC BAR #442861
ASSISTANT U.S. ATTORNEY
Fraud and Public Corruption Section
555 4th Street, N.W., Rm. 5255
Washington, D.C. 20530
(202) 514-9832

---

[1] This does not rule out, of course, the possibility that she would be recalled as a rebuttal witness, depending upon how the trial unfolds. See, United States v. Shurn, 849 F.2d 1090, 1094 (8th Cir. 1988)