## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA              :

          v.                     :       CR 06-186 (GK)

STEPHANIE OLDS              :

### DEFENDANT'S PROPOSED VOIR DIRE

Ms. Stephanie Olds, the defendant, through undersigned counsel, respectfully requests that the Court ask the following voir dire questions.

### Knowledge of the Case or Participants

1.    The government alleges that Ms. Olds stole money from the District of Columbia Child and Family Services agency and that she false federal and District of Columbia income tax returns.  Based on this information, does any member of the jury panel believe that he or she knows anything about this case?

2.    Do you have any particular familiarity with the Child and Family Services Agency?

3.    The United States is represented by Assistant United States Attorney Ellen Chubin Epstein.  Does any member of the panel know or know of Ms. Chubin Epstein?

4.    Ms. Olds is represented by Assistant Federal Public Defender Mary Manning Petras and Assistant Federal Public Defender Rita Bosworth.  Does any member of the panel know or know of Ms. Petras or Ms. Bosworth?

5.      Ms. Olds is 41 years old, and she currently is employed as the facilities manager for the Democratic National Committee.  Do any of you, your relatives or friends, know, or know of, Ms. Olds?

6.      During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [List to be provided at trial].  Does any member of the panel know any of these prospective witnesses?

7.      The defendant, Ms. Olds, has no obligation to present any evidence or witnesses. However, if she and her counsel chose to call a witness or witnesses, you may hear testimony from or about the following persons: [List to be provided at trial].  Does any member of the panel know any of these prospective witnesses?

8.      As I stated, I am Judge Gladys Kessler.  My courtroom clerk is Ms. Tanya Hightower.  Our court reporter is Ms. Susan Tyner.  Do you know me or any member of my staff?

9.      Please take a moment to look around the room at your fellow panel members.  Do any of you know any other member of the jury panel?

### Nature of the Charge

10.      Ms. Olds is charged with Making False Claims, Theft from a Program Receiving Federal Funds, and Fraud in the First Degree.  The Making False Claims charges arise out of the government's allegation that Ms. Olds filed fraudulent income tax returns in order to obtain tax refunds that she was not owed from the District of Columbia and federal governments.  The Theft from a Program Receiving Federal Funds charges arise out of the government's allegation that Ms. Old fraudulently obtain money that belonged to the District of Columbia Child and

Family Services Agency. Do you have such strong feelings about tax fraud, theft from a government agency or theft in general that the nature of the charges themselves would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

## Legal Principles

11.     One of the fundamental principles of our legal system is that when a person is brought to court and charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt. Do any of you have any hesitation in following that requirement of the law?

12.     Even though Ms. Olds has been charged in this case, she is presumed innocent unless the government proves guilt beyond a reasonable doubt. Does the fact that she has been charged make it difficult for any of you to presume now that she is innocent?

13.     There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Ms. Olds, the Court and the members of the jury what she is charged with. It has no other purpose. Is there anyone here who would presume Ms. Olds is guilty merely because an indictment formally charged her with a crime?

14.     The government has the burden of proving Ms. Olds guilty. This burden of proof never shifts to the defendant. Do you have any hesitancy in following this requirement?

15.     It is neither Ms. Olds's nor her attorney's responsibility to prove Ms. Olds innocent. Because Ms. Olds is presumed innocent, she need not testify, nor offer any evidence. Would you view her and her attorney's decision not to put on a defense as evidence of guilt?

## Police Officers

16.     Some of the government witnesses in this case are police officers or government

3

agents.  Do any of you believe that police officers or government agents are more or less credible than other witnesses simply because they are police officers or government agents?

### Employment and Associations

17.    Have you or any of your relatives or any close friends ever worked, in any capacity, for (or have an application pending to work for) any type of law enforcement agency, including:  the Metropolitan Police Department, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the Drug Enforcement Administration, the United States Marshal Service, the United States Park Police, the Bureau of Immigration and Customs Enforcement, the Department of Justice and any other federal, state or local law enforcement agency?

18.    Are any of you now or have you been active members or participants in any crime prevention organizations, such as the "Orange Hats"?

19.    Has any member of the jury panel, or any of your immediate family members or close friends studied law or had any legal training?

20.    Have you, your relatives, or close friends ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office such as the D.C. Corporation Counsel, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

21.    Have you or any of your relatives or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

22.    Have any of you formed special opinions concerning defense attorneys,

4

prosecutors or accused persons that would affect you in deciding this case?

23.    Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officer or in any other capacity?

24.    Have you or any of your relatives or any close friends ever worked, in any capacity (or have an application pending to work), as or for an accountant or accounting service involved in income tax return preparation?

25.    Have you or any of your relatives or any close friends ever worked, in any capacity, for the District of Columbia Child and Family Services Agency or any similar state or federal agency?

26.    Do you now, or have you previously, held a leadership position in any professional or volunteer group, including any charitable, religious, recreational or other organized group?

### Prior Jury Service

27.    Has any member of the jury panel ever served as a juror in a trial?

28.    Have you ever served as a jury foreperson?

29.    Has any member of the jury panel ever served as a grand juror?

30.    Have any of you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

### Victim of, Witness to, or Charged with Crime

31.    Has any member of the jury panel, or any of your relatives or close friends, been a witness to, a victim of, arrested for, or charged with a crime?

**Civil Suits**

32.    Excluding divorce, have you, or any member of your immediate family, ever been involved in a lawsuit or any legal action in any way?

**Individual Judgment**

33.    If chosen as a juror, you should stand by your own opinion based on the evidence that comes in at trial and give Ms. Olds the benefit of your individual judgement.  Is there anyone who believes that they may be unable to do that?

34.    Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

**Hardships**

35.    Are there any among you who has a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

36.    Do any of you have an illness, or other medical condition which would make it difficult for you to sit as a juror?

37.    Do any of you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings?

38.    The presentation of the evidence in this case is expected to take four days, after which the jury will begin deliberations.  Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?

6

39.     Do any of you know of any reason whatsoever, not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

Respectfully submitted,

/s/

_____

Mary Manning Petras

/s/

_____

Rita Bosworth

Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500