UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

      v.                          :    CR 06-186 (GK)

STEPHANIE OLDS                  :

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Ms. Stephanie Olds, the defendant, through undersigned counsel, respectfully submits the following proposed jury instructions.  Unless otherwise noted, Ms. Olds requests that the Court give each instruction as set forth in the Criminal Jury Instructions for the District of Columbia (4th ed.) and in the order set forth below.  Where Ms. Olds requests a modification of a standard instruction, the modifications are underlined.

### Preliminary Instructions

1.03    Preliminary Instruction Before Trial

1.05    Cautionary Instruction Prior to First Recess

1.21    Preliminary Instruction to Jury Where Identity of
        Alternates is not Disclosed

1.22    A Juror's Recognition of a Witness or Other Party
        Connected to the Case

### Final Instructions

2.01    Function of the Court

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.05    Statements of Counsel

2.06        Indictment not Evidence

2.07        Inadmissible and Stricken Evidence

2.08        Burden of Proof – Presumption of Innocence

2.27        Right of Defendant Not to Testify [IF APPLICABLE, MODIFIED]

   Every defendant in a criminal case has an absolute right not to testify <u>and not to present witnesses</u>. <u>Ms. Olds, through her counsel</u>, has chosen to exercise her right to remain silent <u>and her right not to present witnesses</u>. You must not hold <u>these decisions</u> against her, and it would be improper for you to speculate as to the reason or reasons for her <u>and her counsel's decisions</u>, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from <u>their decisions</u> not to <u>have Ms. Olds</u> testify <u>and not to call witnesses, because she is presumed innocent and remains innocent unless and until the government proves guilt beyond a reasonable doubt</u>.

2.09        Reasonable Doubt

2.10        Direct and Circumstantial Evidence

2.51(B)     Evidence of Other Crimes Admitted to Show Intent/Absence of Mistake or Accident

   You have heard evidence that <u>Ms. Olds filed income tax returns for the tax years 1998, 1999 and 2000, which the government alleges were false, although she is not charged with criminal offenses based on the tax returns for those years</u>. It is up to you to decide whether to accept that evidence.
   Before you consider that evidence however, you must first decide, without considering <u>the evidence regarding the returns for the tax years 1998, 1999 and 2000</u> at all, whether the government has proved beyond a reasonable doubt that <u>Ms. Olds</u> committed the acts constituting the charged offenses <u>regarding the tax returns filed for the tax years 2001, 2002 and 2003</u>. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses <u>regarding the tax returns filed for the tax years 2001, 2002 and 2003</u>, you may then go on to consider the evidence <u>regarding the 1998, 1999 and 2000 returns</u>.

> If you consider the evidence that the defendant <u>filed returns for the tax years 1998, 1999 and 2000 which the government alleges were false</u>, you may use the evidence of <u>these prior returns</u> only to help you decide whether the government has proved beyond a reasonable doubt that <u>Ms. Olds</u> had the specific intent to file false claims <u>for the tax years 2001, 2002 and 2003</u>, and whether, <u>in doing so</u>, she acted knowingly and on purpose and not by mistake or by accident.
>
> You may not consider this evidence for any other purpose. <u>You may not consider this evidence for any purpose with regard to the charges relating the District of Columbia Child and Family Services Agency</u>. The defendant has not been charged with any offense relating to <u>the 1998, 1999 or 2000 returns</u>, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offenses, and you may not conclude from this evidence that because <u>Ms. Olds</u> may have <u>filed false returns for the tax years 1998, 1999 or 2000</u>, that she also committed the acts charged in the indictment.
>
> You may only consider the evidence for the limited purpose of showing whether <u>Ms. Olds</u>, if she committed the acts constituting the charged offenses, did so with the specific intent to <u>file false claims and defraud</u>, knowingly, and not by accident or mistake.

1.07    Question not Evidence

1.08    Expert Testimony [IF APPLICABLE]

2.11    Credibility of Witness

1.10    Evaluation of Prior Inconsistent Statement of Witness [IF APPLICABLE]

2.26    Police Officer's Testimony [MODIFIED – MODIFICATIONS ARE UNDERLINED]

> <u>The testimony of law enforcement officers, such as agents of the Internal Revenue Service and Federal Bureau of Investigation agents</u>, should be evaluated by you just as any other evidence in the case. In

    evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a <u>law enforcement</u> officer.

2.14  Nature of Charges not to be Considered

2.52  Multiple Counts – One Defendant

4.41(A) Fraud[1]

*   Theft from a Program Receiving Federal Funds[2]

  The essential elements of theft from a program receiving federal funds, each of which the government must prove beyond a reasonable doubt, are as follows:
  1.  The defendant was an agent of the District of Columbia Child and Family Services Agency;
  2.  During a one year period beginning no earlier than the twelve months before the charged acts and ending no later than twelve months after the charged acts, the District of Columbia Child and Family Services Agency received federal benefits in excess of $10,000;
  3.  The defendant embezzled, stole, or obtained by fraud, or otherwise without authority knowingly converted to the use of any person other than the rightful owner or intentionally misapplied property;
  4.  That property was owned by, or under the care,

---

[1] Ms. Olds objects to the government's proposed "Instruction 1" and "Instruction 2" with regard to Count 1 of the indictment and objects to the proposed "Instruction 3" and "Instruction 4" to the extent that they modify the standard instruction for this offense. <u>See</u> Government's Proposed Voir Dire Questions and Jury Instructions at 9-13.  Similarly, Ms. Olds objects to the government's proposed "Instruction 19" and "Instruction 20" with regard to Count 6 of the indictment and objects to the proposed "Instruction 21" and "Instruction 22" to the extent that they modify the standard instruction for first degree fraud.  <u>See</u> Government's Proposed Voir Dire Questions and Jury Instructions at 28-29.

[2] Ms. Olds objects to the government's proposed "Instruction 5" and "Instruction 6" and requests the language proposed herein in lieu of the government's proposed "Instruction 7" through "Instruction 12."  <u>See</u> Government's Proposed Voir Dire Questions and Jury Instructions at 14-22.

        custody, or control of the District of Columbia Child and Family Services Agency; and
           5.  The value of the property stolen was $5,000 or more.

\*        False Claims[3]

        The essential elements of making a false claim, each of which the government must prove beyond a reasonable doubt, are:
           1.  On or about January 30, 2002 (for Count Three), January 28, 2003 (for Count Four), and March 3, 2004 (for Count Five), the defendant knowingly made or presented a claim to the Internal Revenue Service;
           2.  The claim which was made or presented was a claim against the United States or a department or agency of the United States; and
           3.  The defendant presented the claim knowing that it was false, fictitious or fraudulent as to a material fact.

5.06        Identification

5.01        Defense Theory Instruction [TO BE SUBMITTED AFTER GOVERNMENT'S CASE IN CHIEF]

2.72        Unanimity

2.71        Election of Foreperson

2.73        Exhibits During Deliberation

2.75        Communications Between Court and Jury During Jury's Deliberations

---

[3] See Sand, Modern Federal Jury Instructions, 18-3.  Ms. Olds objects to the government's proposed "Instruction 15" through "Instruction 18."  Ms. Olds also objects to the government's proposed "Instruction 23."  See Addendum to Government's Proposed Jury Instructions.

```
                    Respectfully submitted,


                           /s/
                    _____
                    Mary Manning Petras



                    _____
                    Rita Bosworth

                    Assistant Federal Public Defenders
                    625 Indiana Avenue, N.W.
                    Suite 550
                    Washington, D.C.  20004
                    (202) 208-7500
```