UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 06-CR-186 (GK) |
| STEPHANIE EMERSON OLDS | : | |

**OBJECTIONS TO THE PRESENTENCE
INVESTIGATION REPORT AND MEMORANDUM IN AID OF SENTENCING**

On November 13, 2007, Ms. Stephanie Olds entered a plea of guilty before this Honorable Court to Counts Two (theft from a program receiving federal funds), Three (making false claims), and Six (fraud in the first degree), of the superseding indictment. She will appear before the Court for sentencing on March 12, 2008. Through undersigned counsel, Ms. Olds respectfully submits the following objections to the Presentence Investigation Report ("PSR") and additional information for the Court's consideration in determining an appropriate sentence.

**Factual Background**

Despite the appearance of having had – as described by the government – "educational and economic opportunities that some can only imagine," Ms. Olds had suffered a great deal of hardship in her life. She grew up in a home with a drug-addicted, abusive father. There, she was sexually abused by two cousins. As an adult, she has found herself in one abusive relationship after another.[1] Most recently, she had to have a restraining order issued against her

---

[1] A document written by Ms. Olds detailing her background was submitted to the Court by the PSR writer. Ms. Olds wrote that account of her background at the request of undersigned counsel to assist counsel in preparing for sentencing. Ms. Olds intended to give the letter only to counsel, but mistakenly gave it to the PSR writer along with other documents the writer had requested. Without notifying undersigned counsel, the PSR writer apparently gave the letter to the Court and to government counsel.

husband.  See Exhibit A (Final Protective Order).  She also has struggled with mental health issues.  See PSR ¶ 75.  Most recently, she has been diagnosed with bipolar disorder, and she is currently under the care of Dr. Sheryl A. Nichols.  See Exhibit B (Report from Dr. Sheryl A. Nichols).

As set forth in more detail in the PSR, despite the abuse in her personal life and her mental health issues, Ms. Olds has managed to obtain an education and employment.  She currently is employed at the Democratic National Headquarters, and she is raising a 15-year-old daughter.  Until very recently, she was doing so with her husband, but they have now separated and he has moved out of the family home.

The charges in Counts Three (making false claims) and Six (fraud in the first degree) of the indictment arose in 2002 through 2004, when Ms. Olds submitted fraudulent tax returns.  The charge in Court Two (theft from a program receiving federal funds) occurred between March 2002 and December 2003, when Ms. Olds stole money from her then-employer the District of Columbia Child and Family Services Agency ("CFSA").  Ms. Olds pled guilty to these charges on November 17, 2007.

## Argument

I. OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT.

    A.    <u>Offense Level</u>.

The Presentence Investigation Report ("PSR") incorrectly calculates Ms. Old's offense level by failing to reduce the base offense level by two levels for acceptance of responsibility

pursuant to U.S.S.G. § 3E1.1.[2] Section 3E1.1 provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." On November 13, 2007, Ms. Old entered a guilty plea and admitted the conduct underlying the offenses. Ms. Olds's guilty plea and admission of the underlying conduct alone provides "significant evidence" in support of this two level reduction. See U.S.S.G. § 3E1.1, Application Note 3 ("Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).").

While the Guidelines provide that the reduction is not a matter of right and may be outweighed by conduct inconsistent with acceptance of responsibility, there is not such inconsistent conduct here. Id. The government claims that Ms. Olds committed additional offenses while on pretrial release. None of that alleged conducted, however, occurred after she accepted responsibility on November 17, 2007. The cases cited by the government in support of its argument all involved the commission of new criminal conduct after the entry of a guilty plea or a plea agreement. See United States v. Carrington, 96 F.3d 1, 3-4, 9-10 (1st Cir. 1996) (commission of new criminal conduct after defendant signed a plea agreement, while parties were waiting for preparation of PSR, with intention that entry of guilty plea and sentencing would occur on same date); United States v. Reed, 951 F.2d 97, 99-100 (6th Cir. 1991) (post plea

---

[2]When initially disclosed to the parties, the PSR included this reduction, counsel therefore did not submit an objection to the Probation Office. The Probation Office eliminated the two level reduction upon the objection of the government.

criminal conduct inconsistent with acceptance of responsibility); United States v. O'Neil, 936 F.2d 599, 600 (1st Cir. 1991) (new conduct occurred after defendant purportedly cooperating with government); United States v. Shashi Shah, (although plea agreement contemplated reduction for acceptance of responsibility, defendant's subsequent efforts to continue narcotics trade negated acceptance of responsibility); United States v. Rhodes, 894 F.Supp. 1, 5 (D.D.C. 1995) (new offense committed while pending sentencing).  Here, the government cites no alleged conduct by Ms. Olds that occurred after her plea hearing on November 17, 2007.  Therefore, they have alleged no new conduct that would negate her acceptance of responsibility.

 Moreover, the allegations of theft from the Seville Condominium Association and Meadow Greens Court Apartments made by the government are just that – allegations.  Attached to the memorandum submitted by the government on March 5, 2008, was an affidavit of an Internal Revenue Service agent setting forth the allegations and submitting documents.  Until the filing of the government's memorandum, undersigned counsel had not seen this affidavit or the documents.  Counsel has had no opportunity to review these materials or allegations with Ms. Olds.  No criminal charges have been filed against Ms. Olds in relation to these allegations.  There has not even been a finding of probable cause that she committed the acts alleged.  Such uncharged allegations are not reliable considerations for sentencing purposes.  See United States v. Joaquin, 326 F.3d 1287, 1292-94 (D.C. Cir. 2003) (rejecting use of arrest records to deny a downward departure under the former version of the career offender guideline and expressing concerns about the reliability of prior arrest records at sentencing).  Cf. United States v. Tucker, 404 U.S. 443, 446-47 (1972) (despite wide discretion in sentencing, court may not consider prior convictions obtained without counsel); Schware v. Board of Bar Examiners, 353 U.S. 232, 241

(1957) ("When formal charges are not filed against the arrested person and he is released without trial, whatever probative force the arrest might have had is normally dissipated."); United States v. Labarbera, 581 F.2d 107, 109 (5th Cir. 1978) ("Under our constitutional scheme, a defendant is presumed innocent until proven guilty, and therefore an arrest, without more, is quite consistent with innocence . . . ."); United States v. Cesaitis, 506 F. Supp. 518, 524 (E.D. Mich. 1981) ("record of arrests without prosecution or conviction must not be equated with evidence of prior wrongdoing by a defendant" and "cannot be considered indicative of any criminal propensities"); Speight v. United States, 569 A.2d 124, 133 n.8 (1989) (en banc) (Rogers, J., dissenting) ("An arrest cannot, in general, be characterized as a volitional act on the part of the defendant."). Records of arrests are not sufficiently reliable evidence upon which to base the denial of a motion under § 3582. United States v. Williams, 910 F.2d 1574, 1579 (7th Cir. 1990) (for upward departure, "[e]vidence based solely on police records of the arrest is not sufficient to satisfy the 'reliable information' requirement"), vacated and remanded on other grounds, 503 U.S. 193 (1992); United States v. Cota-Guerrero, 907 F.2d 87, 90 (9th Cir. 1990) (vacating upward departure where judge relied on charges for which defendant was never tried and where "the information relating to these incidents in the presentence report appears to be based entirely on police records of arrest"); United States v. Cantu-Dominguez, 898 F.2d 968, 971 (5th Cir. 1990) ("history of arrests that did not result in convictions [ ] is not the type of 'reliable information' that justifies a departure from the applicable sentencing range"); see also U.S.S.G. § 6A1.3(a) (to resolve disputed facts at sentencing, court may consider information with a "sufficient indicia of reliability to support its probable accuracy"). See also Shepard v. United States, 544 U.S. 13, 26 (2005) (reversing decision allowing use of police report to establish

5

nature of prior conviction as predicate offense under Armed Career Criminal Act). Here, the government asks the Court to rely on allegations that have not even led to an arrest, let alone a charge or conviction. To do so would be inappropriate.[3]

The government also argues that Ms. Olds is not entitled to an acceptance of responsibility reduction because of the "last-minute nature of her guilty plea." The government argues that they went to great lengths to prepare for trial, including making travel arrangements for out of town witnesses. The failure of Ms. Olds to timely notify the government of her intention to enter a guilty plea and enable the government to avoid the expense of trial preparation, however, is required for a defendant to receive a third point for acceptance of responsibility under § 3E1.1(b). It is not required for a reduction under § 3E1.1(a). Again, the cases cited by the government do not support its position. See United States v. Banks-Giombetti, 245 F.3d 949, 954 (7th Cir. 2001) (court found defendant lied about offense during change of plea hearing); United State v. Hamzat, 217 F.3d 494, (7th Cir. 2000) (defendant given two level reduction under § 3E1.1(a), but not entitled to extra one point reduction under § 3E1.1(b) due to last-minute nature of plea).

A finding that defendants who enter guilty pleas on the day of trial are not entitled to acceptance of responsibility reductions under § 3E1.1(a) would hinder the administration of justice. Defendants who are not able to come to terms with their conduct and enter a guilty plea until just prior to trial will have no incentive to enter such pleas, if there is no benefit from doing so. There would be no risk in pushing forward to trial because the sentencing range after trial

---

[3] If the Court intends to rely in any way on these allegations, undersigned counsel would need additional time to investigation the charges and the information submitted with the government's memorandum.

would be no different than if a day-of-trial guilty plea was entered. While day-of-trial guilty pleas do not save the government and the court the resources that earlier pleas do, resources are saved. In fact, significant resources were saved in this case. The government did not have to fly their numerous witnesses in from other jurisdictions and did not have spend the resources to put forth its case. Neither the Court nor jurors had to spend a week or more in trial in this case. While, as the government notes, the Court had reserved the trial time for this case and had not scheduled another trial, counsel is certain the Court was able to attend to the voluminous work done in chambers. If defendants know that a judge will not reduce an offense level unless a guilty plea is entered prior to trial, there may be a few more timely pleas, but there also, no doubt, will be many less day-of-trial pleas and many more trials.

     Finally, the government argues that Ms. Olds is not entitled to the acceptance of responsibility reduction because she made statements that government counsel characterizes as "poor excuses" for her behavior in a letter that the Probation Office provided to the Court. As noted above, that letter was not intended for the Court. Although not intentionally, the letter was submitted, and Ms. Olds does not dispute that she prepared the candid account of her background. When describing the letter, the government belittles the horrendous sexual abuse that Ms. Olds suffered as a child and the subsequent abuse that she has suffered at the hands of her several different men, including abuse by her current husband that resulted in a Prince George's County Court issuing a restraining order. Ms. Olds describes the abuse she has suffered over the years because undersigned counsel asked her to do so, not because she was making excuses. She has had to face her own conduct and determine how she got where she is today. The letter was her effort to do that. She not only explored the events that have affected

her, but also candidly recognized that she made the choices that led to her convictions and that she alone is responsible for those choices. The letter, in fact, further demonstrates her acceptance of responsibility. She should be accorded the two level reduction.

    B.    <u>Criminal History</u>.

The PSR also incorrectly calculates Ms. Olds's criminal history by including a criminal history point for 1990 convictions in New Jersey for attempted theft by deception and receiving stolen property.[4] PSR at ¶ 57. Ms. Olds was sentenced for those offenses on January 31, 1990. Because she was sentenced to a term of incarceration that was less than a year and a day, the conviction does not count for criminal history calculation purposes unless it was imposed within ten years of the instant offense. <u>See</u> U.S.S.G. § 4A1.2 (sentences of imprisonment not exceeding one year and one month counted if imposed "within ten years of the defendant's commencement of the instant offense"). The offenses charged in the indictment and to which Ms. Olds entered a guilty plea occurred between January 3, 2002 (the date she filed her 2001 tax return) and March 3, 2004 (the date she filed her 2003 tax return). Thus, a point should not have been assessed for the 1990 offense which occurred more than ten years prior to the instant offense, and her total criminal history score is six, not seven.

With a two level reduction for acceptance of responsibility under § 3E1.1(a), Ms. Olds's total offense level is 16. With a criminal history score of six, the applicable criminal history category is III. The applicable sentencing range is 27 to 33 months.[5]

---

[4] Undersigned counsel failed to notice this mistake when reviewing the initial disclosure of the PSR.

[5] In addition to the objections set forth above, the defense also does not agree with the PSR's determinations as to "Other Relevant Conduct Not Included in the Indictment." All of the

II.  SENTENCING FACTORS.

When imposing a sentence, the Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable provisions of the United States Sentencing Guidelines, the need to avoid unwarranted sentence disparities among defendants, and the kinds of sentences available.  See 18 U.S.C. § 3553(a); United States v. Booker, 543 U.S. 220, 259 (2005).  The Court must also consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide deterrence, protect the public, and provide needed medical care and treatment.  Id.

Congress has further provided that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.*

See 18 U.S.C. § 3582 (emphasis added).  With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with the purposes [of sentencing]."  18 U.S.C. § 3553(a) (emphasis added).

The Court "may not presume that the Guidelines range is reasonable."  Gall v. United States, __ U.S. __, 128 S.Ct. 586 , 596-97 (2007).  The Guidelines are but one of an array of factors the Court must consider.  Kimbrough v. United States, __ U.S. __, 128 S.Ct. 558, 564 (2007).  The Court has the discretion to evaluate the sentencing factors in 18 U.S.C. § 3553(a), and determine that "a within Guidelines sentence is 'greater than necessary' to serve the

---

conduct listed is not properly categorized as "relevant conduct."  However, this dispute does not effect the guidelines calculation.

9

objectives of sentencing." Id. Here, the Guidelines properly calculated recommend a sentence of between 27 and 33 months incarceration. Such a sentence, however, is greater than necessary to effectuate the purposes of sentencing.

    A.    <u>United States Sentencing Guideline</u>.

As noted above the applicable Guidelines sentencing range is 27 to 33 months.

    B.    <u>Nature and Circumstances of the Offense</u>.

Ms. Olds recognizes that she committed the charged offenses and that the circumstances of these offense are inexcusable. The government's characterizations, however, are exaggerated. Ms. Olds did commit the theft from CFSA, as the government describes. After discovering that numerous CFSA venders owed CFSA refunds, she had the vendors send the refunds to her, rather than CFSA. She also committed the charged tax fraud by seeking and obtaining tax refunds that she was not owed. While her conduct is offensive, it is not properly characterized when the government claims that "she chose on an almost daily basis to continue her corrupt scheme." Government Memorandum at 23. And, as discussed above, the Court should not add to its consideration of the offenses of conviction consideration of uncharged, unproven allegations, as the government suggests.

    C.    <u>History and Characteristics of the Defendant</u>.

While, as the government notes, Ms. Olds has a number of prior convictions, with the exception of one traffic case, all of these prior convictions occurred when she was between 20 and 25 years old. She is now 42 years old, and she has a long history of mental health issues. Although she has had educational successes and employment opportunities, Ms. Olds has

struggled with these mental health issue.[6] In addition to (and perhaps the source of) these mental health issues, Ms. Olds has struggled to overcome the affects of sexual abuse as a child, and she has endured abusive relationships. See Exhibit A. Very recently, she has been able to begin to work on these issues through counseling.[7] See Exhibit B.

    D.    <u>Kinds of Sentences Available</u>.

The Court should consider sentencing alternatives that would be punitive, but would permit Ms. Olds to continue to raise her daughter and continue to obtain medical treatment. Cf. <u>Gall v. United States</u>, __ U.S. __, 128 S.Ct. 586, 595 (2007) (noting the punitive effects of supervised release). The Court could impose a sentence below the guideline range and, in lieu of some portion of the recommended period of incarceration, impose a period of halfway house confinement and/or electronic monitoring.

    E.    <u>Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Provide Deterrence , Protect the Public, and Provide Needed Medical Care and Treatment</u>.

A sentence less than the Guideline range would be sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. Ms. Olds is not a "dangerous offender," as the government claims. She recognizes that her conduct caused financial harm to the District of Columbia and federal governments, but she has never been convicted of or charged with any

---

[6] The report referenced in paragraph 78 of the PSR indicates that Ms. Olds "seemed genuinely mystified by her behavior and to be worried that she had no mind of her own."

[7] Interestingly, the report referenced in paragraph 79 of the PSR indicates that the clinician observed signs of "repressed sexual abuse," although Ms. Olds had, at that time, denied the abuse.

conduct that could be described as violent. Moreover, Ms. Olds is in significant need of mental health treatment.

## Conclusion

For all of the foregoing reasons and such other reasons as may be presented at the sentencing hearing, Ms. Olds respectfully requests that the Court impose a sentence below the range recommended by the Guidelines.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500 ext. 109