UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-186 (GK) |
| : | |
| STEPHANIE EMERSON OLDS : | |
| : | |

**GOVERNMENT'S REPLY MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this reply memorandum in aid of sentencing. In her Objections to the Presentence Investigation Report and Memorandum in Aid of Sentencing ("Defense Objections"), which were late-filed on March 7, 2008, defendant does not deny that she engaged in the additional criminal conduct set forth in the Presentence Investigation Report ("PSR") and in the Government's Memorandum in Aid of Sentencing ("Government's Memo"). Rather, defendant argues that the Court should not consider this additional criminal conduct in calculating her sentence under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Defendant's arguments lack merit, because they are contrary to the Sentencing Guidelines and contrary to the case law interpreting and applying the Guidelines. Furthermore, the government respectfully submits that only a sentence at the top of the applicable Guidelines range, i.e., 51 months, would adequately promote the goals of 18 U.S.C. § 3553(a) under the circumstances of this case.

I.  **Defendant's Total Offense Level is 18**

Defendant contends that the PSR writer improperly denied her a two-point reduction for acceptance of responsibility (Defense Objections at 2-8). First, Defendant argues that a denial of

1

the two-point reduction for acceptance of responsibility can be based on ongoing criminal conduct only if that criminal conduct occurred after the plea agreement was signed (id. at 3-4). Defendant is mistaken. As discussed in the government's initial sentencing memorandum (Government's Memo at18-19), additional criminal conduct after indictment or while on pretrial release justifies denial of a two-point reduction for acceptance of responsibility. See United States v. Carrington, 96 F.3d 1, 9 (1st Cir. 1996) ("Where the defendant commits additional crimes while on release, a district court may view that as evidence that the defendant has not voluntarily terminated all criminal conduct and, accordingly, decline to award a reduction for acceptance of responsibility on that ground alone. [Citation omitted.] This is true even where the defendant, like Carrington, has pled guilty.") (internal citations omitted), cert. denied, 520 U.S. 1150 (1997); United States v. Snyder, 913 F.2d 300, 305 (6th Cir. 1990) (affirming denial of two-point reduction for acceptance of responsibility where defendant continued to engage in illegal drug-related activities after indictment, while being held in pretrial detention, and subsequently entered a plea agreement), cert. denied, 498 U.S. 1039 (1991).

Second, defendant argues that the government has presented mere "allegations" of her post-indictment criminal conduct and, thus, insufficient evidence for such conduct to be considered for sentencing purposes (Defense Objections at 4-6). The defendant cites a line of cases limiting consideration of arrest records or prior convictions without counsel for certain purposes at sentencing (id.). That line of cases is inapposite. Unlike in those cases, here the government is not asking the Court to rely on an arrest record or police report without evidence concerning the conduct underlying the arrest. Cf. United States v. Joaquin, 326 F.3d 1287, 1292-94 (D.C. Cir. 2003) (holding that the prohibition on the consideration of "a prior arrest

record itself" contained in the then-applicable version of U.S.S.G. § 4A1.3 applied to requests for upward and downward departures).[1]  In the instant case, the government has presented evidence of defendant's post-indictment criminal conduct in the form of (i) an affidavit by a Special Agent of the United States Internal Revenue Service ("IRS"), signed under penalty of perjury, and (ii) authenticated business records, including receipts containing defendant's signature, reflecting personal purchases by defendant using her then-employer's debit CheckCard and defendant's conversion of a tenant's rent payment to defendant's own personal use.  (See Affidavit of IRS Special Agent Erica Ford, Exhibit 2 to Government's Memo, and Appendices A-F thereto.)  It is a blatant mischaracterization to refer to such hard evidence as mere "allegations".  Moreover, under the Sentencing Guidelines, facts that are relevant to sentencing must be proven only by a preponderance of the evidence.  See U.S.S.G. § 6A1.3, commentary; United States v. Watts, 519 U.S. 148, 156 (1997); United States v. Dorcely, 454 F.3d 366, 372 (D.C. Cir.), cert. denied, 127 S. Ct. 691 (2006).  The evidence submitted by the government establishes by a preponderance of the evidence – and even to a higher standard – that defendant stole money from two additional employers while on pretrial release in this case.  On this ground alone, the Court can – and should – deny defendant a two-point reduction for acceptance of responsibility.[2]

---

[1] Joaquin's application of § 4A1.3's prohibition on the consideration of arrest records to requests for downward departures has been superceded by a Guidelines amendment restricting the prohibition on consideration of prior arrests to upward departures only.  See U.S.S.G. Manual app. C, vol. II, Amendment 651 (November 1, 2003).

[2] Defendant also argues that the last-minute nature of a guilty plea can be considered only in deciding whether to subtract a third point for acceptance of responsibility, but does not affect whether to subtract the first two points.  Again, defendant is mistaken.  See United States v. Banks-Giombetti, 245 F.3d 949, 954 (7th Cir. 2001) (citing only one basis for denial of two-

II. **Defendant is in Criminal History Category IV.**

In her sentencing memorandum, Defendant argues for the first time that the PSR writer incorrectly calculated her criminal history by including a criminal history point for 1990 convictions in New Jersey for which defendant was sentenced to 47 days' imprisonment on January 31, 1990 (Defense Objections at 8). Defendant contends that the sentence for these convictions was not imposed within ten years of the instant offense (id.). Defendant's argument lacks merit.

U.S.S.G. § 4A1.2(e)(2) provides that any prior sentence of one year and one month's imprisonment or less "that was imposed within ten years of the defendant's commencement of the instant offense is counted" in the computation of a defendant's criminal history. Application Note 8 of the Commentary to § 4A1.2 provides: "As used in § 4A1.2(d)(2) and (e), the term 'commencement of the instant offense' includes any relevant conduct. See § 1B1.3 (Relevant Conduct)." The relevant conduct in the instant case began in March and April 1999, when defendant filed her federal and DC tax returns, respectively, for tax year 1998 and claimed large tax refunds to which she knew she was not entitled. (See Affidavit of IRS Revenue Agent Jennifer L. Abbott, Exhibit 1 to Government's Memo, ¶¶ 7, 11-12.) The government has proven this relevant conduct by a preponderance of the evidence through the submission of an affidavit, signed under penalty of perjury, and authenticated business records. (See id. and Appendices A-C thereto). Because the sentence imposed on January 31, 1990, "was imposed within ten years of the defendant's commencement of the instant offense" in 1999, the 1990 convictions in New Jersey are properly counted, and defendant is in Criminal History Category IV. The applicable

---

level decrease for acceptance of responsibility: defendant's "[l]ast-minute guilty plea[]").

Guideline range at offense level 18 is 41 to 51 months.

III. **Defendant should be sentenced to 51 months in prison.**

Defendant argues that she should receive a sentence below the applicable Guideline range (which defendant improperly calculated to be below the correct Guideline range) and that only a portion of her sentence should involve imprisonment (Defense Objections at 10-11). The government could not disagree more. The government respectfully submits that the factors set forth at 18 U.S.C. § 3553(a) should compel this Court to impose a sentence at the top of the applicable Guideline range. For all of the reasons stated in the Government's Memo at 23-27, only a lengthy period of incarceration would adequately protect the community from this defendant.

**CONCLUSION**

WHEREFORE, the government respectfully requests that this Court impose a 51-month period of incarceration and order defendant to pay restitution to the United States and District of Columbia treasuries.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY

By: \_\_\_\_/s/_____
    ELLEN CHUBIN EPSTEIN, DC BAR #442861
    ASSISTANT U.S. ATTORNEY
    Fraud & Public Corruption Section
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 514-9832
    Ellen.Chubin@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Government's Reply Memorandum in Aid of Sentencing has been served by ECF notification upon counsel for defendant Mary Petras, Esq., Assistant Federal Defender, fax 202-208-7515, and on Crystal Lustig, fax 202-273-0242, U.S. Probation, on this 11th day of March, 2008.


           _____/s/_____
           ELLEN CHUBIN EPSTEIN
           ASSISTANT U.S. ATTORNEY