HONORABLE GLADYS KESSLER, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-186</u> |
| vs. | : | |
| OLDS, Stephanie Emerson | : | Disclosure Date: <u>January 11, 2008</u> |

**FILED**
APR 2 4 2008
Clerk, U.S. District and
Bankruptcy Courts

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    (✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____
Prosecuting Attorney

1/25/08
Date

### For the Defendant

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    ( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ _____ _____ _____
Defendant Date Defense Counsel Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>January 25, 2008</u>, to U.S. Probation Officer <u>Crystal Lustig</u>, telephone number <u>(202) 565-1425</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

**Receipt and Acknowledgment**                                             Page 2

_See attached._

Signed by: _Ellen Claubin Epstein_
           (Defendant/Defense Attorney/AUSA)

Date: 1/25/08

MATERIAL/FACTUAL INACCURACIES
Submitted by AUSA Ellen Chubin Epstein on behalf of the United States

- p.3, ¶ 1: Should say "June 23, 2006," instead of "April 27, 2006."

- p.4, ¶ 10, end of second to last line: Should say "which sometimes included checks," instead of "often."

- p.5, chart following ¶ 11: Date of deposit for Kinko's check should be 7/10/03, not 7/11/03.

- p.5, chart following ¶ 11: Date of deposit for Devereux Foundation check should be 12/19/03, not 12/18/03.

- p. 6, ¶ 16, 3rd line: Should say "December 19, 2003," rather than the 18th.

- P. 6, ¶ 17, end of 3rd line to beginning of 4th line: Should say "Prior to 1998," rather than "Prior to 2001."

- p.11, ¶ 35: This paragraph should read, "In total, the defendant is accountable for intended loss in the amount of $258,390.53 during the course of her fraudulent schemes from 1998 through 2007. This amount includes actual loss of $202,858.33, and intended loss of $55,532.20." These numbers include the $580 that defendant stole from E&G Property Services in June 2007, while she was an apartment manager at the Meadow Greens Court Apartments (see infra ¶ 88).

- p. 12, ¶ 48: Defendant should receive no downward adjustment under U.S.S.G. § 3E1.1(a), due to her failure to voluntarily terminate her criminal activities, the last-minute nature of her guilty plea, and her blame-shifting and poor excuses for her misconduct.

    Since the time of her wrongdoing in this case, defendant has continued to steal from her more recent employers – even while on pretrial release in this case and as recently as June 2007 (see PSR ¶¶ 31-34, 88, and see infra ¶ 88). Such ongoing criminal conduct justifies denial of a two-point reduction for acceptance of responsibility. See, e.g., U.S. v. Carrington, 96 F.3d 1, 9-10 (1st Cir 1996) (three-point reduction for acceptance of responsibility denied because defendant, after arrest for fraud and while on pretrial release, attempted to obtain and deposit fraudulent bank drafts); United States v. Rhodes, 894 F. Supp. 1, 5 (D.D.C. 1995) (defendant's commission of bank fraud, pending sentencing on his conviction for bank fraud, rendered him ineligible for the two-level reduction for acceptance of responsibility despite his guilty plea), aff'd, 88 F.3d 1279 (D.C. Cir. 1996). The Guidelines specify that a court, in its acceptance of responsibility determination, may consider whether the defendant has voluntarily terminated all criminal conduct. See U.S.S.G. § 3E1.1, comment (n.1.b.); United States v. Mason, 966

1

F.2d 1488, 1497 (D.C. Cir. 1992) (noting that the U.S. Sentencing Commission, by providing for a reduced sentence for a defendant who accepts responsibility for his crime, has determined that a defendant's "voluntary termination" of all criminal activity is a relevant factor). Where the defendant commits additional crimes while on pretrial release, a district court may view that as evidence that the defendant has not voluntarily terminated all criminal conduct and, accordingly, may decline to award a two-point reduction for acceptance of responsibility on that ground alone, even where the defendant has pled guilty and claimed to be remorseful. United States v. O'Neil, 936 F.2d 599, 600-01 (1st Cir.1991). Here, defendant's fraudulent activity against her more recent employers is incompatible with genuine remorse and acceptance of responsibility for her conduct in this case. On this ground alone, she is not entitled to a two-level reduction for acceptance of responsibility.

Furthermore, her day-of-trial plea and her two-page letter, in which she attempts to rationalize and shift blame to others for her wrongdoing, do not constitute "acceptance of responsibility." See United States v. Banks-Giombetti, 245 F.3d 949, 954 (7th Cir. 2001) ("Last-minute guilty pleas, however, rarely demonstrate acceptance of responsibility."; upholding district court's denial of two point reduction where defendant pleaded guilty immediately before jury selection commenced); United States v. Hamzat, 217 F.3d 494, 498 (7th Cir. 2000) ("[defendant] in fact did not make his intention to plead known right away: approximately one year passed between his arrest and his plea. . . . We have previously held that a defendant who waits to plead guilty until the 'brink of trial' is not entitled to a reduction . . .; surely, therefore, waiting until after the original trial date is not 'at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calender efficiently.'") (quoting U.S.S.G. § 3E1.1, Application Note 6) (citation omitted). When her last-minute guilty plea and her letter are considered in combination with her ongoing criminal conduct, the evidence is overwhelming that any reduction for acceptance of responsibility would be inappropriate in this case.

- p.12, ¶ 49: Total Offense Level should be 18.

- p.19, ¶ 73: First word should be "Olds," not Stover.

- p. 22, ¶ 88: While working for E & G Property Services ("E&G") as an apartment manager at Meadow Greens Court Apartments, defendant also misappropriated company funds for her personal use, having no authority from E&G to do so. On June 1, 2007, a tenant at Meadow Greens submitted two money orders, one for $80 and one for $500, as payment of rent. Instead of depositing them into the company's account, defendant made the $80 money order payable to herself ("Stephanie Olds") and the $500 money order payable to "Olds & Olds Lawn Service"; both money orders were subsequently cashed.

- p. 24, ¶ 100: Should say: "Based on a total offense level of 18, and a criminal history

2



category of IV, the guideline range for imprisonment is 41 to 51 months."

- p. 26, ¶ 117: Should say: "Restitution in the amount of $24,749.33 is payable to:

    DC Treasurer
    1275 K Street, NW, Suite 600
    Washington, DC 20005
    Attention: DC Child and Family Services Agency